SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------------------X
JEFFRY LEROY, as Co-Guardian of SILVIA LEROY, Incapacitated Person, SHIRLEY LICIN, as Co-Guardian of SILVIA LEROY, Incapacitated Person, and JEFFRY LEROY, Individually,

                           *Plaintiffs,*

   -against -

HEATHER HUME, M.D., MINDY BRITTNER, M.D., MIRA JOHN, M.D., MOUNT SINAI HOSPITAL, MARY TOUSSAINT-MILORD, M.D., KANIZ B. BANU, M.D., MAHREEN AKRAM, M.D., JAMIE CELESTIN-EDWARDS, CNM, BROOKDALE HOSPITAL MEDICAL CENTER, JILL BERKIN, M.D., and KEVIN TROY, M.D.,

                           *Defendants.*
-----------------------------------------------------------------------X

Index No.: _____/20

Plaintiffs designate KINGS COUNTY As place of trial.

The basis of venue is Defendants' address and place of business.

SUMMONS

Plaintiffs reside at 2511 Gates Court, Morris Plains, NJ 07950.

To the above-named defendant (s):

      YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiffs' Attorneys within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York): and in case your failure to appear or answer, judgement will be taken for the relief demanded herein.

      A COPY OF THIS SUMMONS WAS FILED WITH THE CLERK OF THE COURT, KINGS COUNTY ON _____ IN COMPLIANCE WITH CPLR §§305(a) AND 306(a).

Dated: New York, New York
          October 7th, 2020

                                          MERSON LAW, PLLC

                                          By: _____
                                          Jordan K. Merson, Esq.
                                          Giovanna Mabile, Esq.
                                          Attorney for Plaintiffs
                                          950 Third Avenue, 18th Fl.
                                          New York, New York 10022

To:                                                   (212) 603-9100

**HEATHER HUME, M.D.**
One Gustave L. Levy Place
New York, NY 10029

**MINDY BRITTNER, M.D.**
One Gustave L. Levy Place
New York, NY 10029

**MIRA JOHN, M.D.**
One Gustave L. Levy Place
New York, NY 10029

**MOUNT SINAI HOSPITAL**
One Gustave L. Levy Place
New York, NY 10029

**MARY TOUSSAINT-MILORD, M.D.**
One Brookdale Plaza
Brooklyn, NY 11212

**KANIZ B. BANU, M.D.**
One Brookdale Plaza
Brooklyn, NY 11212

**MAHREEN AKRAM, M.D.**
One Brookdale Plaza
Brooklyn, NY 11212

**JAMIE CELESTIN-EDWARDS, CNM**
One Brookdale Plaza
Brooklyn, NY 11212

**BROOKDALE HOSPITAL MEDICAL CENTER**
One Brookdale Plaza
Brooklyn, NY 11212

**JILL BERKIN, M.D.**
One Gustave L. Levy Place
New York, NY 10029

**KEVIN TROY, M.D.**
One Gustave L. Levy Place
New York, NY 10029

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------------------X
JEFFRY LEROY, as Co-Guardian of SILVIA LEROY, Incapacitated Person, SHIRLEY LICIN, as Co-Guardian of SILVIA LEROY, Incapacitated Person, and JEFFRY LEROY, Individually,

          *Plaintiffs*,

  -against -

HEATHER HUME, M.D., MINDY BRITTNER, M.D., MIRA JOHN, M.D., MOUNT SINAI HOSPITAL, MARY TOUSSAINT-MILORD, M.D., KANIZ B. BANU, M.D., MAHREEN AKRAM, M.D., JAMIE CELESTIN-EDWARDS, CNM, BROOKDALE HOSPITAL MEDICAL CENTER, JILL BERKIN, M.D., and KEVIN TROY, M.D.,

          *Defendants.*
-----------------------------------------------------------------------X

Index No.: _____/20

VERIFIED COMPLAINT

    Plaintiff(s), above named, complaining of the defendants, by **MERSON LAW**, **PLLC**., respectfully allege(s):

## AS AND FOR A FIRST CAUSE OF ACTION

## FOR RECKLESS MISCONDUCT, WANTON, WILLFUL, RECKLESS, AND/OR GROSSLY NEGLIGENT MEDICAL MALPRACTICE

    1.    Plaintiffs JEFFRY LEROY and SHIRLEY LICIN, were appointed Co-Guardians of SILVIA LEROY, an Incapacitated Person, on September 15, 2020 by Superior Court of New Jersey - Probate Part, Morris County.

    2.    At all times herein mentioned, defendant **HEATHER HUME, M.D.**, was a physician duly licensed to practice medicine in the State of New York.

3. At all times herein mentioned, plaintiffs' ward **SILVIA LEROY** was a patient of defendant **HEATHER HUME, M.D.**.

4. At all times herein mentioned, defendant **MINDY BRITTNER, M.D.,** was a physician duly licensed to practice medicine in the State of New York.

5. At all times herein mentioned, plaintiffs' ward **SILVIA LEROY** was a patient of defendant **MINDY BRITTNER, M.D.**.

6. At all times herein mentioned, defendant **MIRA JOHN, M.D.,** was a physician duly licensed to practice medicine in the State of New York.

7. At all times herein mentioned, plaintiffs' ward **SILVIA LEROY** was a patient of defendant **MIRA JOHN, M.D.**.

8. At all times herein mentioned, defendant **MOUNT SINAI HOSPITAL** was and is a domestic corporation, duly organized and existing under and by virtue of the laws of the State of New York.

9. At all times herein mentioned, defendant **MOUNT SINAI HOSPITAL**, its agents, servants, and/or employees were in charge of and controlled, supervised, operated, inspected, managed and maintained the premises known as **MOUNT SINAI HOSPITAL** located at One Gustave L. Levy Place, New York, NY 10029.

10. At all times herein mentioned, defendant **MOUNT SINAI HOSPITAL** controlled, managed, owned, operated and/or supervised the aforesaid hospital.

11. At all times herein mentioned, plaintiff **SILVIA LEROY** was a patient of defendant **MOUNT SINAI HOSPITAL.**

12. At all times herein mentioned, defendants **MINDY BRITTNER, M.D., HEATHER HUME, M.D., and MIRA JOHN, M.D.,** and/or their agents, servants, and/or

employees were agents, servants and/or employees of defendant **MOUNT SINAI HOSPITAL.**

13. At all times herein mentioned, defendants **MINDY BRITTNER, M.D., HEATHER HUME, M.D.,** and **MIRA JOHN, M.D.,** and other doctors, nurses, residents, medical personnel and staff at defendant **MOUNT SINAI HOSPITAL** were servants, agents and/or employees of each other regarding their care, treatment and diagnosis for the plaintiffs' ward **SILVIA LEROY.**

14. At all times herein mentioned, defendant **MARY TOUSSAINT-MILORD, M.D.,** was a physician duly licensed to practice medicine in the State of New York.

15. At all times herein mentioned, plaintiffs' ward **SILVIA LEROY** was a patient of defendant **MARY TOUSSAINT-MILORD, M.D.**

16. At all times herein mentioned, defendant **KANIZ B. BANU, M.D.,** was a physician duly licensed to practice medicine in the State of New York.

17. At all times herein mentioned, plaintiffs' ward **SILVIA LEROY** was a patient of defendant **KANIZ B. BANU, M.D.**.

18. At all times herein mentioned, defendant **MAHREEN AKRAM, M.D.,** was a physician duly licensed to practice medicine in the State of New York.

19. At all times herein mentioned, plaintiffs' ward **SILVIA LEROY** was a patient of defendant **MAHREEN AKRAM, M.D.**

20. At all times herein mentioned, defendant **JAMIE CELESTIN-EDWARDS, CNM** was a physician duly licensed to practice medicine in the State of New York.

21. At all times herein mentioned, plaintiffs' ward **SILVIA LEROY** was a patient of defendant **JAMIE CELESTIN-EDWARDS, CNM.**

22. At all times herein mentioned, defendant **BROOKDALE HOSPITAL MEDICAL CENTER** was and is a domestic corporation, duly organized and existing under and by virtue of the laws of the State of New York.

23. At all times herein mentioned, defendant **BROOKDALE HOSPITAL MEDICAL CENTER**, its agents, servants, and/or employees were in charge of and controlled, supervised, operated, inspected, managed and maintained the premises known as **BROOKDALE HOSPITAL MEDICAL CENTER** located at One Brookdale Plaza, Brooklyn, NY 11212.

24. At all times herein mentioned, defendant **BROOKDALE HOSPITAL MEDICAL CENTER** controlled, managed, owned, operated and/or supervised the aforesaid hospital.

25. At all times herein mentioned, plaintiffs' ward **SILVIA LEROY** was a patient of defendant **BROOKDALE HOSPITAL MEDICAL CENTER.**

26. At all times herein mentioned, defendants **MARY TOUSSAINT-MILORD, M.D., KANIZ B. BANU, M.D., MAHREEN AKRAM, M.D.**, and **JAMIE CELESTIN-EDWARDS, CNM,** and/or their agents, servants, and/or employees, were agents, servants and/or employees of defendant **BROOKDALE HOSPITAL MEDICAL CENTER.**

27. At all times herein mentioned, defendants **MARY TOUSSAINT-MILORD, M.D., KANIZ B. BANU, M.D., MAHREEN AKRAM, M.D., and JAMIE CELESTIN-EDWARDS, CNM,** and other doctors, nurses, residents, medical

personnel and staff at defendant **BROOKDALE HOSPITAL MEDICAL CENTER** were servants, agents and/or employees of each other regarding their care, treatment and diagnosis for the plaintiffs' ward **SILVIA LEROY.**

28. At all times herein mentioned, defendant **JILL BERKIN, M.D.,** was a physician duly licensed to practice medicine in the State of New York.

29. At all times herein mentioned, plaintiffs' ward **SILVIA LEROY** was a patient of defendant **JILL BERKIN, M.D.**.

30. At all times herein mentioned, defendant **KEVIN TROY, M.D.,** was a physician duly licensed to practice medicine in the State of New York.

31. At all times herein mentioned, plaintiffs' ward **SILVIA LEROY** was a patient of defendant **KEVIN TROY, M.D.**.

32. At all times herein mentioned, defendants **JILL BERKIN, M.D.,** and **KEVIN TROY, M.D.,** and/or their agents, servants, and/or employees were agents, servants and/or employees of defendant **MOUNT SINAI HOSPITAL.**

33. At all times herein mentioned, defendants **MINDY BRITTNER, M.D., HEATHER HUME, M.D., MIRA JOHN, M.D., JILL BERKIN, M.D., KEVIN TROY, M.D.,** and other doctors, nurses, residents, medical personnel and staff at defendant **MOUNT SINAI HOSPITAL** were servants, agents and/or employees of each other regarding their care, treatment and diagnosis for the plaintiffs' ward **SILVIA LEROY.**

34. At all times herein mentioned, defendants **HEATHER HUME, M.D., MINDY BRITTNER, M.D., MIRA JOHN, M.D., MOUNT SINAI HOSPITAL, MARY TOUSSAINT-MILORD, M.D., KANIZ B. BANU, M.D., MAHREEN AKRAM, M.D., JAMIE CELESTIN-EDWARDS, CNM, BROOKDALE HOSPITAL MEDICAL**

**CENTER, JILL BERKIN, M.D., and KEVIN TROY, M.D.,** and/or their agents, servants, and/or employees, other personnel involved in the diagnosis, care, and treatment of **SILVIA LEROY** were servants, agents and/or employees of each other with respect to the recklessness, gross negligence and negligence that caused the injuries, pain and suffering of **SILVIA LEROY.**

35. At all times herein mentioned, all of the physicians, nurses and other personnel involved in the diagnosis, care and treatment of the plaintiff were agents, servants, and/or employees of each other with regard to the medical diagnosis, care and treatment rendered to **SILVIA LEROY.**

36. At all times herein mentioned defendants **HEATHER HUME, M.D., MINDY BRITTNER, M.D., MIRA JOHN, M.D., MOUNT SINAI HOSPITAL, MARY TOUSSAINT-MILORD, M.D., KANIZ B. BANU, M.D., MAHREEN AKRAM, M.D., JAMIE CELESTIN-EDWARDS, CNM, BROOKDALE HOSPITAL MEDICAL CENTER, JILL BERKIN, M.D., and KEVIN TROY, M.D.**, their respective agents, servants, and/or employees were grossly negligent and acted with reckless disregard with respect to the care and treatment rendered to SILVIA LEROY including, but not limited to not testing for COVID-19 when Dr. Toussaint-Milford explicitly requested that SILVIA LEROY be so tested, Dr. Toussaint-Milford's failure to follow up on her order for same, and at MOUNT SINAI HOSPITAL, the doctors and medical staff failed to properly monitor SILVIA LEROY, including when she needed more oxygen, had pulmonary embolism, and as set forth below, as applicable to all defendants.

37. At all times herein mentioned, the above care, treatment and services rendered to plaintiffs' ward by defendants **HEATHER HUME, M.D., MINDY BRITTNER,**

**M.D., MIRA JOHN, M.D., MOUNT SINAI HOSPITAL, MARY TOUSSAINT-MILORD, M.D., KANIZ B. BANU, M.D., MAHREEN AKRAM, M.D., JAMIE CELESTIN-EDWARDS, CNM, BROOKDALE HOSPITAL MEDICAL CENTER, JILL BERKIN, M.D., and KEVIN TROY, M.D.,** and/or their servants, agents, contractors, licensees and/or employees, were rendered recklessly, carelessly, unskillfully, and negligently.

38. At all times herein mentioned, defendants **HEATHER HUME, M.D., MINDY BRITTNER, M.D., MIRA JOHN, M.D., MOUNT SINAI HOSPITAL, MARY TOUSSAINT-MILORD, M.D., KANIZ B. BANU, M.D., MAHREEN AKRAM, M.D., JAMIE CELESTIN-EDWARDS, CNM, BROOKDALE HOSPITAL MEDICAL CENTER, JILL BERKIN, M.D., and KEVIN TROY, M.D.,** and/or their servants, agents, contractors, licensees, and/or employees negligently failed to use ordinary and reasonable care, diligence and skills and acted with reckless disregard for SILVIA LEROY.

39. Beginning on or about January 22, 2020, and continuing in an ongoing and continuous course of treatment through on or about March 31, 2020, **SILVIA LEROY** was a patient of and was under the medical diagnosis, management, care and treatment of the defendants **KANIZ B. BANU, M.D., MARY TOUSSAINT-MILORD, M.D., MAHREEN AKRAM, M.D., JAMIE CELESTIN-EDWARDS, CNM, BROOKDALE HOSPITAL MEDICAL CENTER,** and their partners, agents, servants, and/or employees; and; beginning on or about March 31, 2020, and continuing in an ongoing and continuous course of treatment through on or about May 7, 2020, **SILVIA LEROY** was a patient of and was under the medical diagnosis, management, care and treatment of the defendants **MINDY BRITTNER, M.D., HEATHER HUME, M.D., MIRA JOHN, M.D., JILL BERKIN, M.D., KEVIN TROY, M.D., MOUNT SINAI HOSPITAL**, and their partners, agents, servants, and/or

employees, and as a result of the defendants, their agents, servants, and/or employees' failure to timely and/or properly appreciate and diagnose symptoms of COVID-19 infection, failure to timely test for COVID-19 given SILVIA LEROY's symptoms, failure to properly and timely treat COVID-19 infection, failure to timely and appreciate pulmonary embolism, failure to properly and timely appreciate, diagnose, and/or treat pulmonary embolism, failure to timely and properly appreciate heparin resistance, failure to timely and properly administers, prescribe, recommend and/or dispense appropriate anticoagulant, failure to properly monitor, improperly weaning oxygen, failure to properly prevent cardiac arrest, failure to diagnose clot, and the failure to render timely and/or proper emergency, critical, hematological, and/or pulmonary care, **SILVIA LEROY** was caused to sustain severe injuries and complications, including but not limited to cardiac arrest and sequelae thereto, stroke and sequelae thereto, brain damage and sequelae thereto, inability to walk, speak or take care of her baby, paralysis, paraplegia, hemiplegia, quadriplegia, cognitive deficits, wheelchair dependence, and other severe injuries and complications.

        40. Said occurrence was due to the carelessness, negligence, recklessness and gross negligence of defendants **HEATHER HUME, M.D., MINDY BRITTNER, M.D., MIRA JOHN, M.D., MOUNT SINAI HOSPITAL, MARY TOUSSAINT-MILORD, M.D., KANIZ B. BANU, M.D., MAHREEN AKRAM, M.D., JAMIE CELESTIN-EDWARDS, CNM, BROOKDALE HOSPITAL MEDICAL CENTER, JILL BERKIN, M.D., and KEVIN TROY, M.D.,** their agents, servants and/or employees in failing to treat and render good proper emergency, critical, hematological, pulmonary care, and/or medical care to **SILVIA LEROY** in the accepted and proper medical manner, in failing to use ordinary and reasonable care, diligence and skills and all without any fault or lack of care on plaintiffs.

41. By reason of the foregoing, plaintiffs' ward **SILVIA LEROY** sustained severe and serious personal injuries, a severe shock to her nervous system and certain internal injuries, and was caused to suffer severe physical pain and mental anguish as a result thereof, and upon information and belief these injuries are of a permanent and lasting nature; that said plaintiffs' ward **SILVIA LEROY** was and is confined to her bed, home, and/or various medical institutions as a result thereof, and was incapacitated from attending her regular activities; and there was caused to be expended sums of money for medical and hospital care on her behalf.

42. By reason of the foregoing, the plaintiff's ward, **SILVIA LEROY**, is entitled to compensatory damages from defendants **HEATHER HUME, M.D., MINDY BRITTNER, M.D., MIRA JOHN, M.D., MOUNT SINAI HOSPITAL, MARY TOUSSAINT-MILORD, M.D., KANIZ B. BANU, M.D., MAHREEN AKRAM, M.D., JAMIE CELESTIN-EDWARDS, CNM, BROOKDALE HOSPITAL MEDICAL CENTER, JILL BERKIN, M.D., and KEVIN TROY, M.D.,** in such sums as a jury would find fair, just, and adequate.

43. The amount of damages sought exceeds the jurisdiction of all lower courts which would otherwise have jurisdiction.

44. This action falls within exceptions to Article 16 of the C.P.L.R.

### AS AND FOR SECOND CAUSE OF ACTION
### FOR LACK OF INFORMED CONSENT

45. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in those paragraphs of complaint marked and designated 1. through 44., inclusive, with the same force and effect as if hereafter set forth at length.

46. The defendants failed to inform plaintiffs' ward **SILVIA LEROY** of the risks, hazards, and alternatives connected with the procedures utilized and treatment rendered so that an informed consent could be given.

47. That reasonable prudent persons in the plaintiffs' ward **SILVIA LEROY**'s position would not have undergone the procedures utilized and treatment rendered if he had been fully informed of the risks, hazards and alternatives connected with said procedures and treatments.

48. The failure to adequately and fully inform **SILVIA LEROY** of the risks, hazards and alternatives of the procedures utilized and treatment rendered is a proximate cause of the injuries that she sustained.

49. That as a consequence of the foregoing there was no informed consent to the procedures utilized and treatment rendered to plaintiffs' ward **SILVIA LEROY**.

50. The amount of damages sought exceeds the jurisdiction of all lower courts which would otherwise have jurisdiction.

51. This action falls within exceptions to Article 16 of the C.P.L.R.

### AS AND FOR THIRD CAUSE OF ACTION<br>FOR LOSS OF SERVICES FOR JEFFRY LEROY

52. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in those paragraphs of complaint marked and designated 1. through 51., inclusive, with the same force and effect as if hereafter set forth at length.

53. By reason of the foregoing, from on or about March 26, 2020 to the present, and upon information and belief into the future, plaintiff JEFFRY LEROY was, and will be, deprived of the services of his wife and loss of the love, affection, support and

companionship that a wife ordinarily provides to her husband, as well as he was, and will be, caused to expend medical costs, treatments, therapies and equipment for his wife.

54. The amount of damages sought exceeds the jurisdiction of all lower courts which would otherwise have jurisdiction.

## AS AND FOR FOURTH CAUSE OF ACTION
## AGAINST MOUNT SINAI HOSPITAL

55. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in those paragraphs of the complaint marked and designated 1. through 54., inclusive, with the same force and effects as if hereinafter set forth at length.

56. Defendant **MOUNT SINAI HOSPITAL** prior to the granting or renewing of privileges or employment of defendants, residents, nurses and others involved in plaintiff's care failed to investigate the qualifications, competence, capacity, abilities, and capabilities of said defendants, residents, nurses and other employees, including but not limited to obtaining the following information: patient grievances, negative health care outcomes, incidents injurious to patients, medical malpractice actions commenced against said persons, including the outcomes, incidents injurious to patients, medical malpractice actions commenced against said persons, including the outcome thereof, any history of association, privilege and/or practice at other institutions, and discontinuation of said association, employment, privilege and/or practice at said institutions, and any pending professional misconduct proceedings in this State, the substance of the allegations in such proceedings and any additional information concerning such proceedings and the findings of the proceedings, and the defendant **MOUNT SINAI HOSPITAL** failed to make sufficient inquiry of the physicians, nurses and/or employees and institutions which should and did have information relevant to the capacity, capability, ability and competence of said persons rendering treatment.

57. Had the defendant **MOUNT SINAI HOSPITAL** made the above stated inquiry or in the alternative had defendant hospital reviewed and analyzed the information obtained in a proper manner, privileges and/or employment would not have been granted and/or renewed.

58. **MOUNT SINAI HOSPITAL** was additionally negligent in making and/or failing to make rules and regulations for, and failed to supervise, the treatment of the plaintiff.

59. By reason of the defendant **MOUNT SINAI HOSPITAL**'S failure to meet the aforementioned obligations, plaintiff was treated by physicians, nurses and/or other employees who were lacking the requisite skills, abilities, competence, capacity, and supervision as a result of which plaintiff sustained severe injuries and complications.

60. The amount of damages sought exceeds the jurisdictions of all lower courts which would otherwise have jurisdiction.

61. This action falls within exceptions to Article 16 of the C.P.L.R.

### AS AND FOR FIFTH CAUSE OF ACTION AGAINST BROOKDALE HOSPITAL MEDICAL CENTER

62. Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the complaint marked and designated 1. through 61., inclusive, with the same force and effects as if hereinafter set forth at length.

63. Defendant **BROOKDALE HOSPITAL MEDICAL CENTER** prior to the granting or renewing of privileges or employment of defendants, residents, nurses and others involved in plaintiff's care failed to investigate the qualifications, competence, capacity, abilities, and capabilities of said defendants, residents, nurses and other employees, including but not limited to obtaining the following information: patient grievances, negative health care

outcomes, incidents injurious to patients, medical malpractice actions commenced against said persons, including the outcomes, incidents injurious to patients, medical malpractice actions commenced against said persons, including the outcome thereof, any history of association, privilege and/or practice at other institutions, and discontinuation of said association, employment, privilege and/or practice at said institutions, and any pending professional misconduct proceedings in this State, the substance of the allegations in such proceedings and any additional information concerning such proceedings and the findings of the proceedings, and the defendant **BROOKDALE HOSPITAL MEDICAL CENTER** failed to make sufficient inquiry of the physicians, nurses and/or employees and institutions which should and did have information relevant to the capacity, capability, ability and competence of said persons rendering treatment.

64. Had the defendant **BROOKDALE HOSPITAL MEDICAL CENTER** made the above stated inquiry or in the alternative had defendant hospital reviewed and analyzed the information obtained in a proper manner, privileges and/or employment would not have been granted and/or renewed.

65. **BROOKDALE HOSPITAL MEDICAL CENTER** was additionally negligent in making and/or failing to make rules and regulations for, and failed to supervise, the treatment of the plaintiff.

66. By reason of the defendant **BROOKDALE HOSPITAL MEDICAL CENTER**'s failure to meet the aforementioned obligations, plaintiff was treated by physicians, nurses and/or other employees who were lacking the requisite skills, abilities, competence, capacity, and supervision as a result of which plaintiff sustained severe injuries and complications.

67. The amount of damages sought exceeds the jurisdictions of all lower courts which would otherwise have jurisdiction.

68. This action falls within exceptions to Article 16 of the C.P.L.R.

WHEREFORE, plaintiff demands judgment against defendants in such sum as a jury would find fair, adequate and just.

Dated: New York, New York
      October 7th, 2020

MERSON LAW, PLLC

By: _____
Jordan K. Merson
Giovanna Mabile
Attorney for Plaintiffs
950 Third Avenue, 18th Fl.
New York, New York 10022

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------------------X
JEFFRY LEROY, as Co-Guardian of SILVIA LEROY,
Incapacitated Person, SHIRLEY LICIN, as Co-Guardian
of SILVIA LEROY, Incapacitated Person, and JEFFRY
LEROY, Individually,

                           Plaintiffs,

              -against -

HEATHER HUME, M.D., MINDY BRITTNER, M.D.,
MIRA JOHN, M.D., MOUNT SINAI HOSPITAL, MARY
TOUSSAINT-MILORD, M.D., KANIZ B. BANU, M.D.,
MAHREEN AKRAM, M.D., JAMIE
CELESTIN-EDWARDS, CNM, BROOKDALE
HOSPITAL MEDICAL CENTER, JILL BERKIN, M.D.,
and KEVIN TROY, M.D.,

                          Defendants,
-------------------------------------------------------------------------X

Index No.: _____/20

**CERTIFICATE OF MERIT**

    JORDAN K. MERSON, being duly sworn, deposes and states the following to be true under the penalties of perjury of the State of New York.

    I have reviewed the facts of this case and have consulted with at least one physician who is licensed to practice medicine in the State of New York, or any other State, and who I reasonably believe is knowledgeable in the relevant issues involved in this matter. I have concluded on the basis of the review and the consultation that there is a reasonable basis for the commencement of this action, including that defendants were grossly negligent, reckless, wanton and willfully negligent.

Dated: New York, New York
       October 7th, 2020

                                                       MERSON LAW, PLLC

                                                   By: _____
                                                        Jordan K. Merson

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------------------------X
JEFFRY LEROY, as Co-Guardian of SILVIA LEROY, Incapacitated Person, SHIRLEY LICIN, as Co-Guardian of SILVIA LEROY, Incapacitated Person, and JEFFRY LEROY, Individually,

                *Plaintiffs,*

  -against -

HEATHER HUME, M.D., MINDY BRITTNER, M.D., MIRA JOHN, M.D., MOUNT SINAI HOSPITAL, MARY TOUSSAINT-MILORD, M.D., KANIZ B. BANU, M.D., MAHREEN AKRAM, M.D., JAMIE CELESTIN-EDWARDS, CNM, BROOKDALE HOSPITAL MEDICAL CENTER, JILL BERKIN, M.D., and KEVIN TROY, M.D.,

                *Defendants.*
-------------------------------------------------------------------------------X

Index No.:
_____/20

**ATTORNEY VERIFICATION**

    JORDAN K. MERSON, an attorney duly admitted to practice in the Courts of New York State, and an associate of the firm MERSON LAW, PLLC., attorneys for the plaintiffs in the within action, hereby affirms under penalty of perjury:

    That he has read the within complaint and knows the contents thereof, and that the same is true to his own knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters he believes it to be true.

    That the sources of his information and knowledge are investigations and records in the file.

    That the reason this verification is made by affirmant and not by the plaintiff is that the plaintiff is not within the County where the attorney has his office.

Dated: New York, New York
       October 7th, 2020

                                             _____
                                                JORDAN K. MERSON

Index No.                                                              Year 2020

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

---

JEFFRY LEROY, as Co-Guardian of SILVIA LEROY, Incapacitated Person, SHIRLEY LICIN, as Co-Guardian of SILVIA LEROY, Incapacitated Person, and JEFFRY LEROY, Individually,

*Plaintiffs,*
-against -

HEATHER HUME, M.D., MINDY BRITTNER, M.D., MIRA JOHN, M.D., MOUNT SINAI HOSPITAL, MARY TOUSSAINT-MILORD, M.D., KANIZ B. BANU, M.D., MAHREEN AKRAM, M.D., JAMIE CELESTIN-EDWARDS, CNM, BROOKDALE HOSPITAL MEDICAL CENTER, JILL BERKIN, M.D., and KEVIN TROY, M.D.,

*Defendant(s),*

---

**SUMMONS AND VERIFIED COMPLAINT**

---

Merson Law, PLLC.
*Attorneys for Plaintiff(s)*

Office and Post *Office Address, Telephone*
950 Third Avenue, 18th Fl.
New York, New York 10022
(212) 603-9100

---

To:  All Parties

---