UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------X

JEFFRY LEROY, as Co-Guardian of SILVIA LEROY, Incapacitated Person, SHIRLEY LICIN, as Co-Guardian of SILVIA LEROY, Incapacitated Person, and JEFFRY LEROY, Individually,

                         *Plaintiffs*,

                -against -

HEATHER HUME, M.D., MINDY BRITTNER, M.D., MIRA JOHN, M.D., MOUNT SINAI HOSPITAL, MARY TOUSSAINT-MILORD, M.D., KANIZ B. BANU, M.D., MAHREEN AKRAM, M.D., JAMIE CELESTIN-EDWARDS, CNM, BROOKDALE HOSPITAL MEDICAL CENTER, JILL BERKIN, M.D., and KEVIN TROY, M.D.,

Docket No.: 1:20-cv-05325

                         *Defendants.*

-------------------------------------------------------------------------X


MEMORANDUM OF LAW IN SUPPORT
OF PLAINTIFFS' MOTION TO REMAND


Jordan K. Merson, Esq.
MERSON LAW, PLLC
950 Third Avenue, 18th Floor
New York, NY 10022
Telephone: (212) 603-9100
Facsimile: (347) 441-4171
Email: jmerson@mersonlaw.com

*Attorneys for Plaintiffs*

## TABLE OF CONTENTS

TABLE OF CONTENTS………………..………………………………………………...........i

TABLE OF AUTHORITIES…………………………………………..……….................ii

PRELIMINARY STATEMENT……..………….................…………….…….……............1

STATEMENT OF FACTS AND PROCEDURAL HISTORY....…………..................................2

LEGAL STANDARD.....................................................................................................3

LEGAL ARGUMENT…………………………………………………........…..…..4

Point I: This Action Should Be Remanded to State Court Because the Claims in the Complaint Do Not Fall Under the Scope of the Prep Act……………………………………………………4

   A. The Misconduct Alleged in the Complaint ……………………………………..….4

   B. Plaintiffs' Claims Are Not Preempted by the Prep Act………………………….6

Point II: This Action Should Be Remanded to State Court Because Federal Officer Jurisdiction Does Not Apply to the Present Matter…………………………………………………...12

CONCLUSION.....................................................................................................13

<u>TABLE OF AUTHORITIES</u>

CASES

*Beneficial Nat. Bank v. Anderson*
    539 U.S. 1 (2003)................................................................................................4

*Brown v. Big Blue Healthcare, Inc.*
    2020 WL 4815078 (D. Kan. 2020)................................................1, 6, 8, 9, 10

*Baskin v. Big Blue Healthcare, Inc.*
    2020 WL 4815074 (D. Kan. 2020).........................................................1, 8, 10

*Block v. Big Blue Healthcare, Inc.*
    2020 WL 4815076 (D. Kan. 2020)..............................................................1, 8

*Casabianca v. Mount Sinai Medical Center*
    2014 WL 10413521 (N.Y. Sup. Ct. 2014)...................................................7, 8

*Estate of Maglioli v. Andover Subacute Rehab. Ctr. I*
    2020 WL 4671091 (D.N.J. 2020)..................................1, 8, 10, 11, 12, 13

*Franchise Tax Bd. v. Construction Laborers Vacation Trust*
    463 U.S. 1, 9-10 (1983)..................................................................................4

*Gordon v. Air & Liquid Sys. Corp.*
    990 F. Supp.2d 311 (E.D.N.Y. 2014)..............................................................4

*In re Methyl Tertiary Butyl Ether ("MTBE") Prod. Liab. Litig.*
    488 F.3d 112 (2d Cir. 2007)...........................................................................12

*Morton v. Citibank, N.A.*
    2019 U.S. Dist. LEXIS 116358 (S.D.N.Y. 2019).............................................3

*Prop. Clerk v. Fyfe*
    197 F. Supp.2d 39 (S.D.N.Y. 2002).................................................................3

*Sherod v. Comprehensive Healthcare Mgmt. Servs., LLC*
    2020 WL 6140474 (W.D. Pa. 2020)........................................................1, 8, 10

*Shamrock Oil & Gas Corp. v. Sheets*
    313 U.S. 100 (1941)........................................................................................4

*WJ Holding Limited & Stubrick Limited v. Shireen Maritime LTD, et al.*
    2020 WL 7407940 (E.D.N.Y. 2020)........................................................................4

*Willingham v. Morgan*
    395 U.S. 402 (1969) ............................................................................................12

STATUTES

28 U.S.C. §1331...............................................................................................….....…...2

28 U.S.C. §1336.................................................................................................................2

28 U.S.C. §1441..............................................................................................................…..2

28 U.S.C. §1442(a)(1)...........................................................................................….....2, 12

28 U.S.C. §1446.............................................................................................................…....2

42 USC § 247d 6d .......................................................................................................1, 3

42 U.S.C.A. § 247d-6d (i)(1)(A)..........................................................................…......7

42 USC § 247d-6e ...........................................................................................….....1, 3

PRELIMINARY STATEMENT

This is the case of Silvia Leroy, a 35 year-old pregnant woman who suffered severe brain damage and is now a quadriplegic that cannot move any of her extremities as a result of defendants' negligent failure to act and gross negligence. Defendants removed this medical malpractice action alleging that plaintiffs' state law claims are preempted by the Public Readiness and Emergency Preparedness Act, 42 USC §§ 247d 6d, 247d-6e (2006) (the "PREP Act") and that they are entitled to the immunity provisions conferred by the PREP Act. (Attached hereto as Exhibit "1" is a true and correct copy of Defendants' Notice of Removal).

However, plaintiffs' claims do not fall under the scope of the Prep Act or trigger the immunity provided by such statute. As clearly set forth in their complaint, plaintiffs' claims are based on defendants' failure to timely test Mrs. Leroy for COVID as well as the failures to properly and timely treat pulmonary embolism, which are omissions or failures to act and do not involve the "use or administration" of a covered countermeasure as required by the Prep Act. In fact, it has been held by federal courts that claims similar to those of the plaintiffs are not within the scope of the PREP Act immunity. *See Estate of Maglioli v. Andover Subacute Rehab. Ctr. I*, 2020 WL 4671091 (D.N.J. Aug. 12, 2020); *Sherod v. Comprehensive Healthcare Mgmt. Servs., LLC*, 2020 WL 6140474 (W.D. Pa. Oct. 16, 2020); *Brown*, 2020 WL 4815078 (D. Kan. Aug. 19, 2020); *Baskin v. Big Blue Healthcare, Inc.*, 2020 WL 4815074 (D. Kan. Aug. 19, 2020); *Block v. Big Blue Healthcare, Inc.*, 2020 WL 4815076 (D. Kan. Aug. 19, 2020).

As such, Plaintiffs JEFFRY LEROY, as Co-Guardian of SILVIA LEROY, Incapacitated Person, SHIRLEY LICIN, as Co-Guardian of SILVIA LEROY, Incapacitated Person, and JEFFRY LEROY, Individually ("Plaintiffs") now move this Court to remand the instant action to the Supreme Court of the State of New York, Kings County on the grounds that there is not

1

preemption of state law claims nor federal question of immunity, nor Federal Officer jurisdiction. If this Court were to deny plaintiffs' motion, any medical malpractice case where the plaintiff happened to have COVID-19, even those with claims not based on the use or administration of a countermeasure, would be subject to federal court subject matter jurisdiction. That is clearly not the intent of the PREP act or the case law concerning same. Here, Ms. Leroy had COVID-19, but the claims are based on defendants' failure to act in not timely testing her and in failing to treat a pulmonary embolism by providing adequate oxygen and anticoagulation. The claims are not based on the use or administration of a countermeasure. Therefore, it is respectfully requested that this Court issues an Order granting Plaintiffs' motion to remand its entirety, together with such other and further relief as this Court deems just and proper.

<u>STATEMENT OF FACTS AND PROCEDURAL HISTORY</u>

This action involves the claims of Silvia Leroy, a 35 year-old pregnant woman, who, as a result of defendants' failures to act, specifically defendants' failure to test for COVID as well as the failure to treat pulmonary embolism, she required an emergency c-section, suffered severe brain damage and is now a quadriplegic. On October 7, 2020, Plaintiffs filed a Summons and Verified Complaint in the Supreme Court of the State of New York, County of Kings ("State Court Action"). (Attached hereto as Exhibit "2" is a true and correct copy of this action's Summons and Verified Complaint, Kings County, Index No.: 519076/2020). On October 13, 2020, defendant Brookdale Hospital was served with the Summons and Complaint.

On November 4, 2020, Defendants MARY TOUSSAINT-MILORD, M.D., KANIZ B. BANU, M.D., MAHREEN AKRAM, M.D., JAMIE CELESTIN-EDWARDS, CNM, and BROOKDALE HOSPITAL MEDICAL CENTER ("Brookdale Defendants") filed a Notice of Removal, pursuant to 28 U.S.C. §§ 1331, 1336, 1441, 1442(a)(1) and 1446, the PREP Act, 42

U.S.C. §§ 247d6d, 247d-6e (2020), asserting "Federal Officers Jurisdiction, express and complete federal preemption under the PREP Act and that federal law is a necessary element of the claim for relief". *See* Exhibit "1" at ¶ 3. In their Notice of Removal, Defendants claimed that subject matter jurisdiction exists because the claims in the complaint "are subject to broad federal immunity and are preempted by federal law since these claims arise out of, relate to and result from covered countermeasures undertaken by defendants as "program planners" in response to the ongoing and insidious COVID-19 outbreak as defined by federal law". *See id.* at ¶ 11. According to defendants, all medical providers treating anyone with COVID-19 is a federal officer.

On November 10th, 2020, the Brookdale Defendants and defendants HEATHER HUME, M.D., MOUNT SINAI HOSPITAL, JILL BERKIN, M.D., and KEVIN TROY, M.D. ("Mount Sinai Defendants") filed pre-motion to dismiss letters. Defendants alleged that the complaint should be dismissed because they are entitled to the immunity provisions of the PREP Act and the EDTPA bars suit for the claimed injuries. On November 20th, 2020, plaintiffs responded that this case cannot be dismissed because even if the PREP act and EDTPA was applicable, there is an issue of fact as to whether defendants were grossly negligent, wanton, willful or reckless, and further because the PREP act was not applicable, plaintiffs further requested leave to file a motion to remand the case to state court, which was granted by this court.

<u>LEGAL STANDARD</u>

The standard is clear that district courts <u>must</u> remand actions, like this one, that have been removed from state court "[i]f at any time before final judgment it appears that the[y] lack[] subject matter jurisdiction." *See Morton v. Citibank, N.A.*, 2019 U.S. Dist. LEXIS 116358 (S.D.N.Y. 2019); *see also Prop. Clerk v. Fyfe*, 197 F. Supp. 2d 39 (S.D.N.Y. 2002) (quoting 28

U.S.C. § 1447(c)) (emphasis added). "As a general matter, the defendant bears the burden of demonstrating the propriety of removal." *See Gordon v. Air & Liquid Sys. Corp.*, 990 F. Supp. 2d 311, 316 (E.D.N.Y. 2014). The Supreme Court has held that absent diversity jurisdiction, if the complaint fails to affirmatively allege a federal claim, removal is improper. *See Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 6 (2003); *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9-10 (1983) (holding that a case may not be removed to federal court "unless the plaintiff's complaint establishes that the case 'arises under' federal law").

Additionally, "remand for lack of subject jurisdiction is mandatory" and "both the Supreme Court of the United States and the Second Circuit have held that the removal statutes are to be strictly construed against removal with all doubts resolved in favor of remand. *See*, e.g., *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-109 (1941)". *See WJ Holding Limited & Stubrick Limited v. Shireen Maritime LTD, et al.*, 2020 WL 7407940, at *5 (E.D.N.Y. 2020).

In this case, the defendants did not meet their burden of establishing that there was federal subject matter jurisdiction as set forth below. The Prep Act does not apply to the claims asserted in the complaint and Federal Officer jurisdiction is not established, and thus the case must be remanded to state court.

**LEGAL ARGUMENT**

**Point I: This Action Should Be Remanded to State Court Because the Claims in the Complaint Do Not Fall Under the Scope of the Prep Act.**

A. The Misconduct Alleged in the Complaint

The claims alleged in the complaint stem from defendants' negligent care and treatment of Mrs. Silvia Leroy. Mrs. Leroy was a 35-year-old pregnant nurse who presented to defendants Brookdale in March 2020 with COVID symptoms. Amongst other gross negligence, the Brookdale defendants did not order a COVID test even after one of the doctors explicitly

4

requested **_in writing_** that a COVID test be done. Incredibly, she was discharged without a COVID test being performed. A few days later, Mrs. Leroy returned to Brookdale Hospital with worsening respiratory symptoms. She was admitted to the hospital and shortly thereafter had to be intubated. Plaintiffs' claims against the Brookdale defendants stem from their failure to act by failing to timely test Mrs. Leroy for COVID, as acknowledged by them. (*See* Brookdale Notice of Removal at ¶ 19, "The primary allegation against the Brookdale Defendants (concerning COVID-19 testing)...").

Similarly, plaintiffs' claims against the Mount Sinai defendants also arise from their failure to act. Specifically, after Mrs. Leroy was transferred from Brookdale Hospital to Mount Sinai Hospital and spent several days intubated, she was finally extubated, but was still dependent on supplemental oxygen. Mrs. Leroy started to show signs and symptoms of pulmonary embolism, however, the Mount Sinai defendants failed to test, appreciate and diagnose pulmonary embolism, as well as they discontinued her supplemental oxygenation, which led to a cardiac and respiratory arrest and caused brain damage.

Plaintiffs' complaint clearly plead defendants' misconduct as omission or failure to act:

36. At all times herein mentioned defendants **HEATHER HUME, M.D., MINDY BRITTNER, M.D., MIRA JOHN, M.D., MOUNT SINAI HOSPITAL, MARY TOUSSAINT-MILORD, M.D., KANIZ B. BANU, M.D., MAHREEN AKRAM, M.D., JAMIE CELESTIN-EDWARDS, CNM, BROOKDALE HOSPITAL MEDICAL CENTER, JILL BERKIN, M.D., and KEVIN TROY, M.D.**, their respective agents, servants, and/or employees were grossly negligent and acted with reckless disregard with respect to the care and treatment rendered to SILVIA LEROY including, but not limited to not testing for COVID-19 when Dr. Toussaint-Milford explicitly requested that SILVIA LEROY be so tested, Dr. Toussaint-Milford's failure to follow up on her order for same, and at MOUNT SINAI HOSPITAL, the doctors and medical staff failed to properly monitor SILVIA LEROY, including when she needed more oxygen, had pulmonary embolism, and as set forth below, as applicable to all defendants.
(...)
39. Beginning on or about January 22, 2020, and continuing in an ongoing and continuous course of treatment through on or about March 31, 2020, **SILVIA LEROY** was a patient of and was under the medical diagnosis, management, care and treatment of the defendants **KANIZ B. BANU, M.D., MARY TOUSSAINT-MILORD, M.D., MAHREEN AKRAM, M.D., JAMIE CELESTIN-EDWARDS, CNM, BROOKDALE HOSPITAL MEDICAL CENTER,** and their partners, agents, servants, and/or employees; and; beginning on or about March 31, 2020, and continuing in an ongoing and continuous

5

course of treatment through on or about May 7, 2020, **SILVIA LEROY** was a patient of and was under the medical diagnosis, management, care and treatment of the defendants **MINDY BRITTNER, M.D., HEATHER HUME, M.D., MIRA JOHN, M.D., JILL BERKIN, M.D., KEVIN TROY, M.D., MOUNT SINAI HOSPITAL**, and their partners, agents, servants, and/or employees, and as a result of the defendants, their agents, servants, and/or employees' failure to timely and/or properly appreciate and diagnose symptoms of COVID-19 infection, failure to timely test for COVID-19 given SILVIA LEROY's symptoms, failure to properly and timely treat COVID-19 infection, failure to timely and appreciate pulmonary embolism, failure to properly and timely appreciate, diagnose, and/or treat pulmonary embolism, failure to timely and properly appreciate heparin resistance, failure to timely and properly administers, prescribe, recommend and/or dispense appropriate anticoagulant, failure to properly monitor, improperly weaning oxygen, failure to properly prevent cardiac arrest, failure to diagnose clot, and the failure to render timely and/or proper emergency, critical, hematological, and/or pulmonary care, **SILVIA LEROY** was caused to sustain severe injuries and complications, including but not limited to cardiac arrest and sequelae thereto, stroke and sequelae thereto, brain damage and sequelae thereto, inability to walk, speak or take care of her baby, paralysis, paraplegia, hemiplegia, quadriplegia, cognitive deficits, wheelchair dependence, and other severe injuries and complications.

*See* Exhibit "2" at ¶ ¶ 36 and 39.

Notably, plaintiffs' complaint does not set forth a federal-law cause of action, nor does it allege injury from the use of countermeasures by defendants. As set forth below, plaintiffs' claims do not fall under the scope of the Prep Act, and thus there is no federal question of preemption in this action and the case must be remanded to state court.

B. <u>Plaintiffs' Claims Are Not Preempted by the Prep Act</u>

Defendants' notice of removal indicates that there is federal jurisdiction in this matter as plaintiffs' claims are completely preempted under federal law, the PREP Act, which defendants represent gives them immunity from being sued in matters related to care and treatment of COVID patients. However, defendants are incorrect as none of plaintiffs' claims trigger the PREP Act because what plaintiffs are alleging is negligent inaction by the defendants.

The PREP Act enacted in 2005 "creates immunity for all claims of loss causally connected to the <u>administration or use</u> of covered countermeasures, which are certain drugs, biological products, or devices". *See Brown*, 2020 WL 4815078, at *5 (D. Kan. 2020) (emphasis added). Covered countermeasures can include: a drug, a biological product, a device, or a

respiratory protective device that is authorized for emergency use by the Federal Food, Drug, and Cosmetic Act. *See* 42 U.S.C.A. § 247d-6d (i)(1)(A).

The PREP Act does not define "use" or "administration". However, the Secretary of HHS clarified that definition as follows: "administration of a Covered Countermeasure means <u>physical provision</u> of the countermeasures to recipients, or activities and decisions directly relating to public and private delivery, distribution, and dispensing of the countermeasures to recipients; management and operation of countermeasure programs; or management and operation of locations for purpose of distributing and dispensing countermeasures" (emphasis added).[1]

However, when there has not been the administration or use of a covered countermeasures and plaintiff's claims revolve around defendants' inaction or failure to act, like in the present action, the immunity and preemption provided by the Prep Act does not apply.

This reasoning was initially introduced in New York courts in the matter of *Casabianca v. Mount Sinai Medical Center*, 2014 WL 10413521 (N.Y. Sup. Ct. 2014). The plaintiff in that case alleged wrongful death and medical malpractice when the doctors failed to administer the H1N1 vaccine to him. The defendants asserted that they were covered by the Prep Act immunity, which preempted plaintiff's claims. However, the court noted that the Prep Act consistently uses language such as "administration" and "use" when speaking of a covered person administering or using covered countermeasures, and thus concluded and held that a claim that a provider "by deciding <u>not</u> to provide him with the vaccine, committed malpractice, which was a cause of his death. Such a cause of action is in <u>no</u> <u>way</u> <u>covered</u> <u>by</u> <u>PREP</u>, and the immunity from suit claimed by the defendants here simply does not exist". *Id.* at *4-5. (emphasis added).

---

[1] https://www.govinfo.gov/content/pkg/FR-2020-03-17/pdf/2020-05484.pdf

In an attempt to steer away from this precedent, defendants assert that an Advisory Opinion by the General Counsel of the Department of Health and Human Services[2] has rejected the reasoning in *Casabianca* in COVID cases "because 'administration' is broader than provision, and encompasses activities related to the management and operation of programs and locations for providing countermeasures to recipients". *See* Exhibit "1" at ¶¶ 59-60. However, as noted by the Office of General Counsel, advisory opinions are not a final agency action or a final order, nor do they bind the Department of Health and Human Services or the federal courts[3].

Indeed, recently federal courts in New Jersey, Pennsylvania, and Kansas have all adopted the reasoning that a failure to act, even if involving COVID covered countermeasures (which this case does not), does not fall within the scope of the PREP Act and remanded these cases back to State court. *See Estate of Maglioli v. Andover Subacute Rehab. Ctr. I*, 2020 WL 4671091 (D.N.J. Aug. 12, 2020); *Sherod v. Comprehensive Healthcare Mgmt. Servs., LLC*, 2020 WL 6140474 (W.D. Pa. Oct. 16, 2020); *Brown*, 2020 WL 4815078 (D. Kan. Aug. 19, 2020); *Baskin v. Big Blue Healthcare, Inc.*, 2020 WL 4815074 (D. Kan. Aug. 19, 2020); *Block v. Big Blue Healthcare, Inc.*, 2020 WL 4815076 (D. Kan. Aug. 19, 2020). Here, defendants claimed to remove this case so with the "hope of uniformity that a federal forum offers on federal issues..." (*See* Exhibit "1" at ¶ 76). That uniformity here requires remand.

The *Maglioli* matter involved allegations that residents at a care facility contracted COVID-19 because of the defendants' failure to exercise due care, including the failure to observe a variety of safety and infection-prevention protocols. The court there held that a claim for failure to act is not preempted by the PREP Act. *See Maglioli*, 2020 WL 4671091 at 9. Specifically, the court noted:

---

[2] https://www.hhs.gov/sites/default/files/advisory-opinion-20-04-hhs-ogc-public-readiness-emergency-preparedness-act.pdf
[3] *Id.* at p. 7.

"The Act, as extended by the declarations, therefore covers the administration and distribution of products meant to curb the spread of COVID-19. It does not, by its plain terms, cover more generally the care received by patients in healthcare facilities. Suppose, for example, a facility was threatened with or subjected to an outbreak of COVID-19 and the physicians in charge made a decision to do nothing. In the broadest sense, this decision would relate to countermeasures, in the sense that it embodied a decision not to employ them. Assuming that such a decision lay outside the realm of reasonable medical judgments, it could give rise to a malpractice claim. And such a malpractice claim would not be preempted by the PREP Act, which is designed to protect those who employ countermeasures, not those who decline to employ them." *Id.* at 9. (emphasis added).

Similarly, the court in *Brown* held that PREP Act's provisions regarding the administration or use of covered countermeasures are not applicable to allegations of negligence stemming from a failure to follow certain policies, procedures, and guidelines regarding COVID-19. *See Brown*, 2020 WL 4815078 at 1. The court there noted that the plaintiff's claim did not pertain to "the administration or use of any drug, biological product, or device (i.e. a covered countermeasures). The claim seems to be precisely the opposite: that inaction rather than action caused the death. *Id.* at 1. The court also held that "the allegations are the opposite—that Defendants' failure to act caused the decedent's death. To the extent Defendants want to argue that the PREP Act applies, they must do so based on the complaint as it is—not as Defendants would prefer it to be". *Id.* at 7. (emphasis added). As such, the Court held that preemption did not apply and the case was remanded to State court.

This is exactly what happened in the present matter in which plaintiffs' complaint alleges that the Brookdale defendants did not timely order a COVID test, but failed to act and instead discharged Mrs. Leroy without a COVID test.  Likewise the Mount Sinai defendants did not timely diagnose and treat pulmonary embolism, including the failure to act and utilize oxygen treatment for the pulmonary embolism, and as a result, and due to other grossly negligent and willful conduct, she suffered severe brain damage.

The court in *Maglioli* correctly pointed out that the Prep Act does not bar suits for all malpractice claims: "The PREP Act does not "occupy the field" of negligence or malpractice claims, even if that negligence or malpractice happens to relate to the COVID-19 illness. Its effect is confined, for example, to the administration of certain countermeasures, and requires case by case analysis". *See Estate of Maglioli*, 2020 WL 4671091 at 9.

The court also noted that:

> Plaintiffs are claiming (inter alia) that the Defendants committed negligence in that, among other things, they failed to take countermeasures, some of them allegedly federally required. Whether that is true must await fact finding, but that is the claim. Plaintiffs thus assert that—because of those failures and other, see infra—the quality of the care they received fell short of what a nursing home facility should have done to protect them from infection by the coronavirus. Such claims concerning the quality of care do not fall within the scope of the PREP Act. *Id.* at 9.

Although plaintiffs do not agree that testing is a covered countermeasure, even if it is, plaintiffs' claim that defendants failed to test Mrs. Leroy would not be preempted by the PREP Act because they failed to act. *See Estate of Maglioli*, 2020 WL 4671091; *Sherod*, 2020 WL 6140474; *Baskin v. Big Blue Healthcare, Inc.*, 2020 WL 4815074.

Additionally, defendants' claim that because there is a federal interest involved, the case must be heard in federal court is also without merit. Again, the court in *Maglioli* held that the: "argument is that if the PREP Act applies in any manner, they are entitled to a federal-court forum by virtue of field preemption. That is by no means clear; to say that federal law applies in some manner is not to say that the case must be heard in federal court. (...) a federal-law defense to liability does not require that a statelaw case be removed to federal court". *See Estate of Maglioli*, 2020 WL 4671091 at 8.

Moreover, defendants are wrong that PREP act immunity should be broadly construed. PREP Act immunity is not absolute and the court in *Brown* specifically held that "Congress's intent to provide broad immunity for the claims covered by the PREP Act does not mean that the

PREP Act covers the claims here. Indeed, if Congress intended the PREP Act to apply as broadly as Defendants advocate, it certainly could have written it to clearly apply to inaction as much as action. Instead, the PREP Act addresses the administration or use of covered countermeasure". *Id.* at 6. *See also Maglioli*, 2020 WL 4671091 at 9-10.

While the failure to act by testing for COVID-19 and the failure to act by treating pulmonary embolism, including with supportive oxygen, are not the use nor administration of countermeasures, so they are not covered by the PREP act (*see* Exhibit "1" at ¶¶ 34 or 45, preemption for "use" or "administration" of countermeasures), even if there were, plaintiffs clearly allege that the conduct was outside of the exclusive negligent conduct that could possibly be preempted under the PREP act. The Brookdale defendants claim that "the Act precludes, for example, liability claims alleging negligence by a manufacturer in creating a vaccine, or negligence by a healthcare provider in prescribing the wrong dose, absent willful misconduct." (*See* Exhibit "1" at ¶ 65). Defendants' concede that for numerous reasons, preemption is not applicable here. To try to swallow all the medical malpractice claims into preemption, defendants absurdly claim that "All claims in the Complaint are "relating to" covered countermeasures: inadequate COVID-19 treatment; COVID-19 testing; treatment of respiratory distress and COVID-19 related illnesses and conditions (pulmonary embolism, cardiac arrest)." (*See* Exhibit "1" at ¶ 68). However, defendants do not provide any basis whatsoever that a standard medical malpractice failure to treat a pulmonary embolism claim is absorbed into the PREP act. It simply is not and would open the door to preemption for any medical malpractice claim where the plaintiff happened to also have COVID-19. According to the defense, any time that respiratory support is given to a patient with COVID, regardless of the reason for the respiratory support (here for pulmonary embolism), there is preemption. That also is a broad

expansion of the PREP act that already has been rejected pursuant to federal law, as set forth supra.

For all the above reasons, it is clear that plaintiffs' claims are not preempted by the Prep Act and do not trigger a federal question that must be heard in federal court. Thus, this matter should be remanded back to state court.

**Point II: This Action Should Be Remanded to State Court Because Federal Officer Jurisdiction Does Not Apply to the Present Matter.**

Defendants also claim that under "[t]he PREP ACT, the federal government delegated authority to like-situated healthcare providers to respond to the COVID-19 pandemic. Despite that delegation, the Brookdale Defendants labor under the strict supervision, regulation and guidance of federal authorities. As a result, the Brookdale Defendants were acting under the direction of Federal Officers warranting jurisdiction under 28 U.S.C. §1442(a)(1)". *See* Exhibit "1" at ¶ 80.   Defendants appear to be claiming that all medical providers (doctors, nurses, medical assistants, etc) across the United States treating COVID were and are federal officers that only can be sued in federal court.

In order to properly invoke Federal Officer Jurisdiction, the defendant must show that "it is a 'person' within the meaning of the statute. Second, it must establish that it was 'acting under' a federal officer, which subsumes the existence of a 'causal connection between the charged conduct and asserted official authority.' *Willingham*, 395 U.S. at 409, 89 S.Ct. 1813. Finally, the defendant must raise a colorable federal defense." *See In re Methyl Tertiary Butyl Ether ("MTBE") Prod. Liab. Litig.*, 488 F.3d 112, 124 (2d Cir. 2007).

*Maglioli* confirms that private-owned facilities that have to comply with federal regulations in their COVID operations do not invoke that these facilities operate under federal

officer authority. *See Maglioli*, 2020 WL 4671091 at 12 ("Here, the only connection to the federal government is that Defendants-owners and operators of privately owned nursing facilities-are required to comply with detailed federal regulations when operating these facilities and when providing care." and "These allegations of compliance with federal law, even in a regulated setting, are insufficient to establish that Defendants were "acting under" a federal officer or agency").

Similarly, the defendants here limited their allegations to the fact that they were working under supervision and guidance of federal authorities as they were following "explicit federal COVID-19 infection control guidance concerning testing, detection and treatment". *See* Exhibit "1" at ¶ 80. However, as noted above, merely being regulated by federal law or following federal guidelines is not enough to meet the Federal Officer Jurisdiction standard. Thus, the Federal Officer Jurisdiction rule does not apply in order to confer federal jurisdiction to this action.

As such, Plaintiffs respectfully requests that this Court remands this action back to the Supreme Court of the State of New York, County of Kings.

<u>CONCLUSION</u>

Based on the foregoing**,** it is respectfully requested that Plaintiffs' motion to remand the instant action to the Supreme Court of the State of New York, County of Kings be granted in its entirety, together with such other and further relief as this Court deems just and proper

Dated: New York, New York
      January 8, 2021                      MERSON LAW, PLLC

                                   By:    /s/
                                         Jordan K. Merson, Esq. (JM-7939)
                                         Giovanna Mabile (GM-9557)
                                         *Attorneys for Plaintiffs*
                                         950 Third Avenue, 18th Floor
                                         New York, NY 10155
                                         Telephone: (212) 603-9100

Facsimile: (347) 441-4171
Email: jmerson@mersonlaw.com
gmabile@mersonlaw.com

TO:

**AARONSON, RAPPAPORT, FEINSTEIN
& DEUTSCH, LLP**
Attorneys for defendants HEATHER HUME, M.D.,
MOUNT SINAI HOSPITAL, JILL BERKIN, M.D.,
and KEVIN TROY, M.D.
600 Third Avenue
New York, NY 10016
(212) 593-8059
ldbloomstein@arfdlaw.com

**VIGORITO, BARKER, PATTERSON, NICHOLS
& PORTER, LLP**
Attorneys for defendants MARY TOUSSAINT-MILORD, M.D.,
KANIZ B. BANU, M.D., MAHREEN AKRAM, M.D.,
JAMIE CELESTIN-EDWARDS, CNM, BROOKDALE
HOSPITAL MEDICAL CENTER
300 Garden City Plaza, Ste 308
Garden City, NY 11530
(516) 282-3355
m.lawless@vbpnplaw.com