

Alfred P. Vigorito
John W. Barker
Gary W. Patterson, Jr.*
Jeffrey R. Nichols*
Mamie Stathatos-Fulgieri
Scott A. Singer
Gregg D. Weinstock*** ■
Kiki Chrisomallides*
Kevin D. Porter
Susan Vari

Edward J. Arevalo
Robert Boccio
Dylan Braverman
Thomas Brennan ■
Dawn Bristol
Kenneth J. Burford
Gilbert H. Choi
Adam S. Covitt

Charles K. Faillace ±
Jerry Giardina
Anna Hock
Gemma Kenney ***
Ruth Bogatyrow Kraft
Douglas Langholz
Megan A. Lawless‡
Guy A. Lawrence
Timothy P. Lewis --
Neil Mascolo, Jr.
Adonaid Medina*
Ralph Vincent Morales
Carolyn Rankin
Miles S. Reiner
Bhalinder L. Rikhye
Leilani J. Rodriguez*
Wayne M. Roth
Tammy A. Trees
Christopher Whitton
Julia F. Wilcox ::

Angela R. Bonica †
Lindsey T. Brown
Cassidy Carlen †
Brian DiPentima*
Michael P. Diven * **
Roseann V. Driscoll
Tyler M. Fiorillo
Samantha M. Geller †
Morgan T. Gieser * **■
Christopher W. Hofmann
Lauren P. Ingvoldstad†
Rani B. Kulkarni
Dino Litourgis
Vasilios D. Lolis
Michael V. Mantovani ∆
Nicole E. Martone
Diana V. Mauro
Joseph P. Muscarella
Mandy T. Nguyen
John P. O'Brien ■
Daniel O'Connell * ■
Seema Palmerson
Douglas Rockitter
Nicole C. Salerno *
Andres J. Sanchez
Allison Sanders
Krista M. Schlueck *

Kathleen M. Thompson
Claudine Travers
Karolina Wiaderna
Alexandra Zerrillo * **
Erica B. Zilber †

*Of Counsel*
Margaret Antonino* ■
Graig R. Avino*
Michael J. Battiste
Josie M. Conelley
Daniele DeZago
Danielle M. Hansen
Mary M. Holupka
Thomas Jaffa
Valerie L. Siragusa
Ruth L. Tisdale *
Nicole R. Wittman

* Also Admitted to Practice in NJ
** Also Admitted to Practice in CT
*** Also Admitted to Practice in NJ, CT, DC
– Admitted to Practice in Florida
■ Also Admitted to Practice in FL
‡ Also Admitted to Practice in NJ and PA
± Also Admitted to Practice in MA
∆ Also Admitted to Practice in AZ, CA and NJ
:: Admitted to Practice in CO
† Admission Pending

July 13, 2021

**VIA CM/ECF**
Judge Allyne R. Ross
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:    *Leroy, et al. v. Hume et al.*
       Docket No.: 20-cv-05325-ARR-CLP

Dear Judge Ross:

The defendants Brookdale Hospital Medical Center, Mary Toussaint-Milord, M.D., Kaniz B. Banu, M.D., Mahreen Akram, M.D. and Jamie Celestin-Edwards, CNM (the "Brookdale Defendants") respectfully submit this letter in response to the Court's allowance of further briefing in relation to Plaintiffs' pending motion to remand this action to state court.

Plaintiffs' claim as against the Brookdale Defendants unquestionably arises under the federal Public Readiness and Emergency Preparedness Act ("PREP Act"), thereby giving this Court original jurisdiction over this action. The plain language of the PREP Act is clear. It applies to: "all claims for loss caused by, arising out of, relating to, or resulting from the administration to or the use by an individual of a covered countermeasure." 42 U.S.C.A. § 247d-6d(a)(1) [emphasis added].

The "relating to" language is broad and includes both the active administration of a covered countermeasure and the purposeful decision not to administer a covered countermeasure.[1] ***The latter is the very allegation raised against the Brookdale Defendants in this case.*** Plaintiffs' sole claim against these Defendants is that they failed to timely administer COVID-19 testing, a covered countermeasure,[2]

---

[1] Declaration Under the Public Readiness and Emergency Preparedness Act for Medical Countermeasures Against COVID-19, 85 FR 15198-01, sec. IX (March 10, 2020) ["administration" of covered countermeasures includes "activities and decisions directly relating to…dispensing of the countermeasures to recipients…."]

[2] *Id.* at sec. VI ["Covered Countermeasures are… any diagnostic…used to…diagnose …COVID-19…."].

to the patient Silvia Leroy. (*See* Verified Complaint, ¶¶ 36, 39). The affirmative decision not to administer COVID-19 testing to Mrs. Leroy on March 13, 2020, given the patient's "very low risk for COVID 19 as per CDC guidelines" (Defendants' Opposition to Remand, Exhibit "A", pp. 257-59), is entitled to immunity under the PREP Act. It is this very decision-making the PREP Act was meant to protect.

It is respectfully submitted that since immunity under the PREP Act is plainly triggered by Plaintiffs' claim, the only issue before this Court is whether the Court has subject matter jurisdiction to apply the immunity. We submit that it was the overwhelming intention of Congress and the Department of Health and Human Services for this Court to have subject matter jurisdiction over this claim which, no matter how artfully pled, as it pertains to the Brookdale Defendants, clearly relates to and arises out of the quintessential statutorily-defined countermeasure of COVID-19 testing.

Since the prior briefings submitted to the Court, there have been several developments that support Defendants' position. In their motion to remand, Plaintiffs rely heavily on Judge Kevin McNulty's Remand Order in *Estate of Maglioli v. Andover Subacute Rehab Ctr. I*, 2020 WL 4671091 (D.N.J. Aug. 12, 2020). This decision was appealed to the Third Circuit. Oral argument was held, and a decision is pending. Defendants moved to stay the lower court proceedings pending the Third Circuit's decision. Judge McNulty, recognizing that the Third Circuit will be reviewing the entirety of the Remand Order and the ultimate issue of whether the PREP Act confers exclusive jurisdiction over these actions, pursuant to *BP P.L.C. v. Mayor and City of Baltimore*, 141 S. Ct. 1532 (2021), concluded that defendants' likelihood of success on appeal was sufficient to warrant a stay. (*See* **Exhibit "A"**, pp. 8, 10, attached hereto).

Judge McNulty acknowledged that his Remand Order was rendered prior to the January 8, 2021 Advisory Opinion ("AO") 21-01, which held that the PREP Act is a "complete preemption" statute triggering federal jurisdiction, and the Fourth Amendment to the COVID-19 Declaration, which supports federal jurisdiction pursuant to the *Grable* doctrine.[3] Moreover, the original Remand Order was based largely on the court's distinction between claims involving the *administration* of COVID-19 countermeasures versus claims arising from the negligent *failure* to administer countermeasures. Judge McNulty addressed how AO 21-01 advised against a narrow interpretation of "administration" that does not encompass the failure to employ a covered countermeasure. *Id.* at pp. 10-11. (Emphasis in original)

Judge McNulty was clearly persuaded by HHS' directives in ruling that defendants "have demonstrated a likelihood of success on the merits of their appeal that is sufficient to warrant a stay." *Id.* at p. 11. As set forth in our prior briefings, we believe the PREP Act applies since Plaintiffs' claims arise from and relate to the alleged failure to perform a COVID-19 test on a patient later found to be COVID-19 positive. This is the quintessential PREP Act scenario. Judge McNulty cites to subsequent guidance directly rebutting his finding otherwise. Defendants respectfully submit that the guidance issued by HSS is proper and worthy of application to the facts of this case.[4]

---

[3] Advisory Opinion 21-01 on the Public Readiness and Emergency Preparedness Act Scope of Preemption Provision, p. 2, https://www.hhs.gov/guidance/sites/default/files/hhs-guidance-documents/2101081078-jo-advisory-opinion-prep-act-complete-preemption-01-08-2021-final-hhs-web.pdf (January 8, 2021); Fourth Amendment to Declaration Under the Public Readiness and Emergency Preparedness Act for Medical Countermeasures Against COVID-19, 85 FR 79190 (Dec. 3, 2020).

[4] Certain courts, in New York and beyond, have tacitly accepted subject matter jurisdiction over claims related to COVID-19 countermeasures. *See, e.g., Solomon v. St. Joseph's Hospital*, 20-cv-3213 (E.D.N.Y.) (defendants' motion to dismiss pending); *Centeno v. Our Lady of Consolation*, 21-cv-00468 (E.D.N.Y.) (retaining jurisdiction to allow for discovery and decision by Second Circuit on likely appeal of *Dupervil v. All. Health Operations, LCC*, No. 20CV4042PKCPK, 2021 WL 355137

The plain language of the PREP Act dictates that once the PREP Act applies, original federal jurisdiction lies with the United States District Court. Respectfully, this is where the *Dupervil* court erred. The court erroneously concluded that the PREP Act does not provide the exclusive cause of action for claims that fall within its scope. *Dupervil*, 2021 WL 355137 at *9. On the contrary, a plain reading of the statute reveals that for claims falling within its scope, *i.e.*, injuries relating to the use or non-use of a COVID-19 countermeasure, a claimant's **only recourse** is through the PREP Act.

The express language of the PREP Act mandates that the statutory remedy provided thereunder -- the Covered Countermeasure Process Fund and federal cause of action for willful misconduct – is "exclusive of any other civil action or proceeding for any claim or suit [the PREP Act] encompasses …." 42 U.S.C.A. § 247d-6e(d)(4) (emphasis added). **This language is unequivocal.** It is because the PREP Act explicitly "provide[s] the exclusive cause of action for the claim asserted and also set forth procedures and remedies governing that cause of action" that the doctrine of complete preemption applies. *Beneficial Nat. Bank v. Anderson,* 539 U.S. 1, 8 (2003).[5]

Furthermore, it is because the PREP Act "wholly displaces the state-law cause of action through complete preemption" that Plaintiffs' state law claim may be removed to this Court. As the *Beneficial* Court made clear: "[w]hen the federal statute completely preempts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law." *Id.; see also Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987) (any claim purportedly based on that pre-empted state law is "considered, from its inception, a federal claim, and therefore arises under federal law", providing a ground for federal jurisdiction).

In a recent decision from the Western District of Louisiana, attached hereto as **Exhibit "B"**, the court wisely came to the same conclusion, ruling that the PREP Act is a complete preemption statute for claims falling within its scope. In *Rachal v. Natchitoches Nursing & Rehabilitation Center LLC, et al.*, No. 1:21-CV-00334, fn. 3 (W.D. La. Apr. 30, 2021), the court agreed with the United States Department of Health and Human Services' ("HHS") interpretation of the PREP Act as a complete preemption statute, based on the Act's: (1) civil enforcement provision that creates a cause of action that both replaces and protects the analogous area of state law; (2) specific jurisdictional grant to the federal courts for

---

[E.D.N.Y. Feb. 2, 2021]); *Branch v. Lilac Holdings, LLC,* 21-cv-00605 (S.D. Cal., June 16, 2021) (dismissing action without prejudice on default); *Reilly v. Delta Healthcare II,* LLC, 21-cv-1013 (M.D. Fla. June 7, 2021) (same).

[5] The *Dupervil* court also erred in concluding that the preemptive effect of a federal statute depends on the adequacy of its remedy as compared to its counterpart under state law. The Supreme Court has plainly stated: "the breadth or narrowness of the relief which may be granted under federal law…is a distinct question from whether the court has jurisdiction over the parties and the subject matter." *Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n of Machinists & Aerospace Workers*, 390 U.S. 557, 561 (1968) (discussing § 301 of Labor Management Relations Act) (emphasis added). Indeed, "[t]he nature of the relief available after jurisdiction attaches is, of course, different from the question whether there is jurisdiction to adjudicate the controversy." *Id.*

*See also Aetna Health Inc. v. Davila*, 542 U.S. 200, 215 (2004) (limited remedies available under ERISA, as compared to state law, are inherent part of the "careful balancing" between ensuring fair and prompt enforcement of rights and the encouragement of the creation of such plans); *Fayard v. Ne. Vehicle Servs., LLC*, 533 F.3d 42, 46 (1st Cir. 2008) ("[f]or complete preemption to operate, the federal claim need not be co-extensive with the ousted state claim. On the contrary, the superseding federal scheme may be more limited or different in its scope and still completely preempt.").

3

enforcement of the right; and (3) clear Congressional intent that claims brought under the federal law be exclusive.

The court compared the PREP Act to Air Transportation Safety and System Stabilization Act of 2001 ("ATSSSA"), which was passed in the wake of the September 11, 2001 terrorist attacks. *See* Pub. L. No. 107-42, 115 Stat. 230 (2001) (codified at 49 U.S.C. § 40101). The Second Circuit found that the ATSSSA, which has language and a remedial scheme similar to the PREP Act, was a complete preemption statute based on its: (i) creation of a Victim Compensation <u>Fund</u> to provide relief, without litigation, to individuals (or relatives of deceased individuals) physically injured or killed as a result of the September 11th attacks; (ii) <u>immunity</u> to the airlines; (iii) a <u>federal cause of action</u> as the exclusive judicial remedy for damages arising out of the attacks; and (iv) an <u>exclusive venue</u> in the United States District Court for the Southern District of New York for all suits brought pursuant to the federal cause of action. *In re WTC Disaster Site*, 414 F.3d 352 (2d Cir. 2005). As such, the *Rachal* court concluded:

> [s]ignificantly, the composition of the PREP Act is very similar in that it: (i) creates a Covered Countermeasure Process Fund to provide relief, without litigation, to eligible individuals for "covered injuries" directly caused by the administration or use of a "covered countermeasure;" (ii) provides immunity to "covered persons," except in the case of "willful misconduct;" (iii) creates an exclusive federal cause of action for damages against a covered person for willful misconduct; and (iv) provides that the federal court in the District of Columbia is the exclusive federal venue for suits on the federal cause of action. 42 U.S.C. § 247d-6(d); 42 U.S.C. § 247d-6(e).

*Rachal*, No. 1:21-CV-00334, fn. 3. The court also recognized that the remedy available under the Fund "shall be exclusive of any other civil action or proceeding for any claim or suit this section encompasses," with the exception of the federal cause of action for willful misconduct. *Id.* § 247d-6(d). Taken together, the court concluded, these provisions "demonstrate Congress's intent that the PREP Act exclusively encompass 'claims for loss caused by, arising out of, relating to, or resulting from the administration to or the use by an individual of a covered countermeasure.'" *Rachal*, No. 1:21-CV-00334, fn. 3, *citing* § 247d-6d(a)(1).

In sum, the court concluded: "[i]f Plaintiff's claims against Defendants relate to covered countermeasures, then the Defendants are immune from suit and liability in this forum and this matter must be dismissed. However, if all or some of the allegations do not relate to covered countermeasures, then the Court is without subject matter jurisdiction and must remand those claims back to state court." *Id.* at p. 12. The Brookdale Defendants respectfully urge this Court to adopt this reasoning.

The *Rachal* court concluded that it was not clear from the face of the Petition that the entirety of the claims at issue – involving, like in *Dupervil*, the alleged failure to prevent the spread of COVID-19 within defendants' residential care facility – related to the use or administration of covered countermeasures. However, the claim against the Brookdale Defendants is very different. Here, Plaintiffs affirmatively allege ***a direct causal link between the failure to administer a covered countermeasure and the patient's alleged injuries.*** The affirmative decision not to administer COVID-19 testing to Mrs. Leroy on March 13, 2020, the beginning of the worst pandemic in New York City in 100 years, is entitled to immunity under the PREP Act. It is this very decision-making by frontline healthcare providers, who worked

4

tirelessly and risked their lives during a time of changing science and extreme uncertainty, that the PREP Act was meant to protect.

Therefore, the Brookdale Defendants respectfully ask this Court to deny Plaintiffs' motion to remand this action to state court and retain jurisdiction for further adjudication. As always, we appreciate the Court's attention to this matter.

Sincerely,

*Megan A. Lawless*

Megan A. Lawless (ML 3227)
(m.lawless@vbpnplaw.com)

cc: (Via CM/ECF)

Jordan K. Merson, Esq.
MERSON LAW, PLLC
*Attorneys for Plaintiffs*
950 Third Avenue, 18th Floor
New York, New York 10022
(212) 603-9100
(jmerson@mersonlaw.com)

AARONSON RAPPAPORT FEINSTEIN & DEUTSCH, LLP
*Attorneys for Co-Defendants*
600 3rd Avenue
New York, New York 10016
(212) 593-6700
(ldbloomstein@arfdlaw.com)