

**Merson Law, PLLC**

950 Third Avenue, 18th Floor
New York, NY 10022
212-603-9100
Facsimile 347-441-4171
www.mersonlaw.com
Please mail all correspondence to NY office

Pennsylvania Office
1525 Locust Street, 19th Floor
Philadelphia, PA 19102

July 20, 2021

**VIA ECF**
Hon. Judge Allyne R. Ross
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re: LeRoy, et al. v. Hume et al.
      Docket No.: 20-CV-05325

Dear Judge Ross:

      This firm represents the plaintiffs in this matter and we submit this letter in accordance with Your Honor's order that plaintiffs can submit opposition to defendants' issues they wanted to clarify via oral argument.

      While defendants claimed to want oral argument to "clarify [the] distinctions" between the case law regarding the applicability of the PREP Act in nursing home cases and the present matter, it appears from their recent submissions that they were merely utilizing oral argument in the hopes that by the time the date for the argument came, there was case law to support their position[1]. (*Compare* Doc. #34, #35-36). Defendants' additional submissions to the Court confirm that there still is not. Defendants' additional submissions reallege their original argument that plaintiffs' case falls within the scope of the PREP Act, which is a complete preemption statute that affords immunity to them. In addition to the *Garcia* case, defendants now also rely on *Rachal v. Natchitoches Nursing & Rehabilitation Center LLC, et al.*, No. 1:21-cv-00334 (W.D. La. April 30, 2021). However, as recognized by defendants, the overwhelming majority of cases (every case except these two) regarding the PREP Act decided since motion papers were submitted supports remand of this case. *See* e.g. *Green v Westwood Healthcare and Wellness Ctr., LP*, 2021 WL 2769040 (C.D. Cal July 1, 2021); *Gwilt v Harvard Sq. Retirement & Assisted Living*, 2021 WL 2682614 (D. Co. June 30, 2021); *Estate of Jones through Brown v. St. Jude Operating Co., LLC*, 2021 WL 886217 (D. Or Mar. 8, 2021); *Bolton v*

---

[1] *See* Brookdale defendants' letter dated July 13, 2021 at p. 2 "since the prior briefings submitted to this Court"; *see also* Mount Sinai defendants' supplemental brief at p. 1 "since plaintiffs filed their reply in support of the Motion to Remand, several courts have rendered decision regarding removal under the Public Readiness and Emergency Preparedness Act…".

1

*Gallatin Ctr. for Rehabilitation & Healing, LLC*, 2021 WL 1561306 (M.D. Tenn. Apr. 21, 2021).

As set forth in plaintiffs' motion to remand, every single case except for one[2] that has addressed the present matter before the Court has held that the PREP Act is not a complete preemption statute and that there are certain claims that do not fall within the scope of "use and administration of covered countermeasure" under the PREP Act. *See Dupervil v. Alliance Health Operations, LLC et al.*, 2021 WL 355137 (EDNY Feb. 2, 2021); *Garnice v. Big Blue Healthcare et al.*, 2021 WL 764566 (D. Kansas. Feb. 26, 2021); *Green v Westwood Healthcare and Wellness Ctr., LP*, 2021 WL 2769040 (C.D. Cal July 1, 2021); *Gwilt v Harvard Sq. Retirement & Assisted Living*, 2021 WL 2682614 (D. Co. June 30, 2021); *Estate of Jones through Brown v. St. Jude Operating Co., LLC*, 2021 WL 886217 (D. Or Mar. 8, 2021); *Bolton v Gallatin Ctr. for Rehabilitation & Healing, LLC*, 2021 WL 1561306 (M.D. Tenn. Apr. 21, 2021); *Shapnik v Hebrew Home for Aged at Riverdale*, 2021 WL 1614818 (SDNY Apr. 26, 2021).

Both the *Garcia* case in California and *Rachal* case in Louisiana relied upon by the defense erroneously give broad effect to the PREP's Act preemption language. *See Garcia v. Welltower OpCo Group, LLC*, 2021 WL 492581 (C.D. Cal. Feb. 10, 2021); *Rachal v. Natchitoches Nursing & Rehabilitation Center LLC, et al.*, No. 1:21-cv-00334 (W.D. La. April 30, 2021). However, the Eastern District of New York (along with the overwhelming majority of federal courts) has already held that there is "no authority that compels the conclusion that the PREP Act completely preempts state-law claims within its scope such that those claims are really federal-law claims that are removable to federal court". *See Dupervil* at 11. Indeed, the Mount Sinai defendants acknowledged that courts have considered *Garcia* an "outlier" (*see* Mount Sinai defendants' supplemental brief at at p. 3) while in *Rachal*, defendants acknowledged that the court held that "if all or some of the allegations do not relate to covered countermeasures, then the court is without subject matter jurisdiction and must remand those claims back to state court". (*See* Brookdale defendants' July 13, 2021 letter at p. 4).

Despite defendants' best efforts, it is without question that plaintiffs' claims here do not relate to the use or administration of covered countermeasures. *Assuming arguendo*, even if some do (which is not true), according to the case that all defendants primarily rely on at this point - *Rachal* - this case still would be remanded because so long as "some of the allegations do not relate to covered countermeasures", remand is required. There cannot be legitimate dispute that at least some of plaintiffs' claims do not relate to the use or administration of covered countermeasure which requires remand. (*See* Brookdale defendants' letter dated July 13, 2021 at pp. 3-4; Mount Sinai defendants' supplemental brief at pp. 2, 4, 17). The Mount Sinai defendants cite (at p. 3) to *Roebuck v. Mayo Clinic*, 2021 WL 1851414 (D.A.Z. May 10, 2021), which held that the PREP Act did not trigger preemption for classic case of standard medical malpractice, like this is.

---

[2]Although in *Rachal* the court concluded that the PREP Act was a complete preemption statute, the court still remanded the case to state court.

Therefore, while defendants admit that a "vast majority" of courts have followed and rely on *Dupervil*, defendants urge this very same court not to follow *Dupervil*.

Defendants urge the court to adopt the reasoning in *Rachal* where the court held that the PREP Act's complete preemption effect is comparable to that of the ATSSSA. However, this has already been rejected by the EDNY that held: "True, similar to the PREP Act, the ATSSSA created an administrative 'Victim Compensation Fund' to provide relief for injuries resulting from the September 11, 2001 aircraft hijackings and crashes. *In re WTC Disaster Site*, 414 F.3d at 373–74 (quoting ATSSSA, § 405(c)). But, crucially, the ATSSSA **also** created an alternative, exclusive federal cause of action for claims 'arising out' of the plane hijackings and crashes: … the Second Circuit concluded that it was this exclusive federal remedy, which could be brought only in the United States District Court for the Southern District of New York, that gave the statute its extraordinary preemptive force, such that any claim within its scope was really a federal-law claim… The PREP Act creates no similar exclusive federal cause or right of action. As already discussed, the PREP Act is an immunity statute that simply limits the causes of actions for claims falling within its ambit, leaving only claims involving 'willful misconduct' as able to be adjudicated in federal court, after administrative remedies have been exhausted." *See Dupervil* at 10-11 (emphasis added). As such, this Court has held that the PREP Act does not fit the requirements to be a complete preemption statute because it does not actually provide for an exclusive federal cause of action for the claims alleged as the remedy provided by the act cannot be adjudicate in federal court.

The Mount Sinai defendants argue (at pp. 5-6) that the administrative remedy provided by the PREP Act is distinguishable from the provisions of the Railway Labor Act (which has been held not to be a complete preemption statute) because the latter contains a mandatory arbitration clause for a dispute resolution process between parties while the PREP Act provides for a no fault program in which the alleged negligent party does not participate and give the option for the plaintiff to bring a claim for willful misconduct. However, this court has already rejected this argument in *Dupervil*. The distinction argued by defendants does not change the fact that both the Railway Act and the PREP Act provide a remedy for only certain types of disputes, not all, which as set forth above, prevents these acts from being considered a complete preemption statute as they failed to provide for a proper federal cause of action. *See Dupervil* at pp. 20-21.

Further, the Mount Sinai defendants again argue (at pp. 9-12) that some plaintiffs under the PREP Act are just going to be left without any remedy whatsoever because their claims cannot be adjudicated under the administrative remedy or under the narrow exception of willful conduct, but that is not the intention of the PREP Act. This statute creates a specific no-fault program for claims that arise from the use and administration of covered countermeasures. In doing so the act is creating a procedure to remedy those specific claims and not eliminating other claims that do not fall under the scope of the statute (like the present matter). In *Dupervil*, this court correctly held that when a statute does not occupy the field of law, and therefore, does not create a federal cause of action

3

so that all claims can be litigated in federal court, it cannot be a complete preemption statute.

The Mount Sinai defendants ask that this court ignores the litany of cases that denied following the HHS' broad interpretation of the PREP Act because the "district courts do not account for the fact that treatment of the issue of complete preemption within Advisory Opinion 21-01 is premised on an underlying analysis of the framework of the PREP Act as applied to the COVID-19 pandemic". However, that is exactly what the courts did when they reviewed each of the HHS' advisory opinions and amendments in view of cases that arose due to medical providers negligent treatment during the COVID-19 pandemic. These courts correctly concluded that the HHS' broad interpretation did not properly appreciate the lack of an exclusive federal cause of action in the statute and, as such, it lacked power to persuade. *See Dupervil*, at pp. 18-19.

Additionally, defendants also re-argue that federal courts have "adopt[ed] the false dichotomy of 'action v. inaction'" to support their position that the PREP Act applies to this matter. However, both the *Garcia* and *Rachal* courts as well as the HHS in the Advisory Opinion 21-01, have recognized that "total inaction is not covered by the PREP Act". *See Garcia* at 11; *Rachal* at 11. Defendants once again try to rewrite plaintiffs' complaint by framing their inaction in an affirmative manner (e.g. the Brookdale defendants allege an "affirmative decision not to administer COVID-19") to try to circumvent the fact that this case does not allege the use or administration of covered countermeasure. However, as set forth in plaintiffs' motion papers, plaintiffs' claims are clearly based on inaction -- Brookdale's failure to act at all and Mount Sinai's similar failure to act in the face of plaintiff's pulmonary embolism, which are basic standard medical malpractice claims, and, as such, are outside the scope of the PREP Act.

The Brookdale defendants then attempt to predict the future that the *Maglioli* matter, one of the first cases that remanded based on the inapplicability of the PREP Act to inaction claims, has been stayed and is now on appeal because the reasoning favorable to remand was issued prior to the Advisory Opinion 21-01 and the Fourth Amendment to the Declaration. However, the reasoning in *Maglioli* is still supported by many other subsequent decisions. Additionally, defendants ignore that most of these decisions, which have continuously rejected federal jurisdiction in similar cases, were issued after HHS' directives were published. *See Goldblatt v. Hcp Prairie Vill. Ks Opco Llc*, 2021 U.S. Dist. LEXIS 17055 (D. Kan. Jan. 29, 2021); *Grohmann v. Hcp Prairie Vill. Ks Opco Llc*, 2021 U.S. Dist. LEXIS 17054 (D. Kan. Jan. 29, 2021); *Anson v. HCP Prairie Village Ks Opco LLC, et al.*, 2021 WL 308156 (D. Kan. Jan. 29, 2021); *Gwilt v Harvard Sq. Retirement & Assisted Living*, 2021 WL 2682614 (D. Co. June 30, 2021); *Estate of Jones through Brown v. St. Jude Operating Co., LLC*, 2021 WL 886217 (D. Or Mar. 8, 2021); *Bolton v Gallatin Ctr. for Rehabilitation & Healing, LLC*, 2021 WL 1561306 (M.D. Tenn. Apr. 21, 2021); *Shapnik v Hebrew Home for Aged at Riverdale*, 2021 WL 1614818 (SDNY Apr. 26, 2021). The law at present is clear and inescapable.

Defendants repeated flouting that other federal courts have committed "common errors" or "erroneous" holdings is unfortunate and wrong. (*See e.g.* Mount Sinai defendants' supplemental brief at p. 1 "many, if not all, of the recent decisions granting remand share common errors in reasoning…"). The Mount Sinai defendants admit (at p. 4) that "many more cases granted remand than denied it," (at p. 12) "the reasoning adopted by the vast majority of district courts granting remand of cases removed under the PREP Act"; (at p. 13) "virtually all of the remand decisions cited above reject Advisory Opinion 21-01 as 'not persuasive'"; and (at p. 16) "many district courts have continued to adopt the false dichotomy of 'action versus inaction'". The defendants are critical of the "many" overwhelming majority of decisions because they do not support their grossly expansive misinterpretation of the PREP Act especially in a case alleging complete inaction and a standard state law medical malpractice claim. The law is clear especially in this court that has already held on this very issue that has been followed by "many courts" across the United States. (*See* Mount Sinai defendants' supplemental brief at p. 9).

In sum, defendants have not provided any basis for this Court to deny remand and continue to adjudicate this case when every single Court (except one) has held that remand is appropriate, including the decision of this very Court. This case should be remanded so that this 35-year-old quadriplegic wife, mother and nurse, and her family, can finally proceed with their claims in New York State Supreme Court, Kings County, as originally filed.

For all of the foregoing reasons, plaintiffs respectfully request that the Court grants plaintiffs' motion to remand. Thank you for the Court's attention to this matter.

Respectfully submitted,
MERSON LAW, PLLC.
By: /s/ Jordan K. Merson
JORDAN K. MERSON
GIOVANNA MABILE
Attorney for the Plaintiffs
950 Third Avenue, 18th Floor
New York, New York 10022