UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JEFFRY LEROY, as Co-Guardian of SILVIA
LEROY, Incapacitated Person, SHIRLEY LICIN, as
Co-Guardian of SILVIA LEROY, Incapacitated
Person, and JEFFRY LEROY, Individually,

                              *Plaintiffs,*

                              -*against*-

HEATHER HUME, M.D., MINDY BRITTNER,
M.D., MIRA JOHN, M.D., MOUNT SINAI
HOSPITAL, MARY TOUSSAINT-MILORD,
M.D., KANIZ B. BANU, M.D., MAHREEN
AKRAM, M.D., JAMIE CELESTIN-EDWARDS,
CNM, BROOKDALE HOSPITAL MEDICAL
CENTER, JILL BERKIN, M.D., and KEVIN
TROY, M.D.,

                              *Defendants.*
-----------------------------------------------------------------X

Case No. 20-cv-05325-ARR-CLP

**DEFENDANTS' REQUEST FOR AUTOMATIC 30-DAY STAY OF ENFORCEMENT OF COURT'S AUGUST 12, 2021 ORDER TO REMAND**

      Defendants respectfully request that this Court enter an automatic thirty (30) day stay of execution of the Court's Remand Order, pursuant to Fed. R. Civ. P. 62(a), to provide Defendants an opportunity to file a Notice of Appeal of the August 12, 2021 Order remanding this action to the New York Supreme Court, Kings County.

      It is respectfully submitted that this is a perfunctory request and that there is no non-frivolous basis to oppose the thirty (30)-day stay of execution.

      Federal Rule of Civil Procedure 62(a) provides that "execution of a judgment and proceedings to enforce it are stayed for 30 days after its entry, unless the court orders otherwise." Under Federal Rule of Procedure 52(a), a "judgment" is defined as "a decree and any order from which an appeal lies." "[A]n order remanding a case to the State court from which it was removed pursuant to section 1442 [Federal Officer Jurisdiction] or 1443" is reviewable by appeal. 28 U.S.C.

1

§ 1447(d). Moreover, pursuant to the Supreme Court's recent decision in *BP P.L.C. v. Mayor and City of Baltimore*, 141 S. Ct. 1532 (2021), the entirety of the subject remand order is reviewable on appeal since removal was premised, in part, on federal officer removal.

Thus, an Order remanding a case removed from state court pursuant to 28 U.S.C. § 1442, as in this case, is a "judgment" for the purposes of Fed. R. Civ. P. 62(a), and is, therefore, subject to a 30-day stay of execution. *See, e.g., W. Virginia State Univ. Bd. of Governors for & on behalf of W. Virginia State Univ. v. Dow Chem. Co.*, No. 2:17-CV-3558, 2020 WL 3053542, at *1 (S.D.W. Va. June 8, 2020) (since case was removed pursuant to 28 U.S.C. § 1442, defendants are entitled to 30-day automatic stay on execution of remand order from date of its issuance, pursuant to Rule 62[a]); *Fernandez v. Tyson Foods, Inc.,* No. 20-CV-2079-LRR, 2021 WL 1257557, at *2 (N.D. Iowa Jan. 28, 2021) (30-day automatic stay is applicable to court's Remand Order since removal under 28 U.S.C. § 1442—federal officer removal—is reviewable by appeal).

When a remand order is subject to appellate review, the district court retains jurisdiction to recall or modify its remand order, including consideration of a motion to stay. Therefore, since the remand order is appealable for the reasons just explained, this Court retains jurisdiction to act on a stay motion even if it has sent the remand order to state court. *See, e.g., In re Digicon Marine, Inc.,* 966 F.2d 158, 161 (5th Cir. 1992) ("where remand is reviewable on appeal 'a district court has jurisdiction to review its own order, and vacate or reinstate that order.'") (citation omitted); *PNC Bank, N.A. v. Spencer*, No. 13-CV-21-BBC, 2013 WL 11320931, at *2 (W.D. Wis. May 23, 2013) (district court may retain jurisdiction to reconsider remand order where Court of Appeals has jurisdiction to review remand), *aff'd in part, appeal dismissed in part*, 763 F.3d 650 (7th Cir. 2014).

Defendants intend to file an appeal of the Court's August 11, 2021 Order, and also intend to seek a stay of these proceedings in a more formal fashion. In other COVID-19 litigation involving the issues raised herein, multiple courts have issued automatic 30-day and permanent stays of proceedings pending appeals. *See, e.g., Estate of Maglioli v. Andover Subacute Rehab Ctr. I*, Civil Nos. 21-2114, 21-2120 (D.N.J., June 18, 2021) (granting stay of proceedings pending resolution of appeal to Third Circuit) (attached hereto as **Exhbit "A"**); *Vyden v. Vista Del Sol Ltc., Inc.*, No. 21-cv-04628 GW(PLAx) (C.D. Cal., Aug. 9, 2021) (granting automatic 30-day stay) (attached hereto as **Exhibit "B"**); *Codeus v. Grancell Village of the Los Angeles Jewish Home for the Aging, et. al*, 21-cv-2266 FMO (MARx) (C.D.Cal., June 4, 2021) (granting stay pending decision in Ninth Circuit appeal) (attached hereto as **Exhibit "C"**); *Rogers v. Lawndale Healthcare & Wellness Centre, LLC, et al.*, 21-cv-3922 FMO (MARx) (C.D. Cal., June 28, 2021) (same) (attached hereto as **Exhibit "D"**); *Glover v. Sunrise Senior Living Services, Inc.*, No. 21-00974 (E.D. Pa., Aug. 3, 2021) (ordering that case be placed in civil suspense pending Third Circuit resolution in pending appeals); *Burress v. Fairmount Long Terms Care*, No. 21-80 (E.D. Pa., March 9, 2021) (same).

Defendants also respectfully request that this Court issue an Order precluding the Clerk of the Court from taking steps to execute the remand order during the 30-day period, including but not limited to mailing a certified copy of the order of remand to the Supreme Court, Kings County, in order to permit Defendants time to pursue their appeal rights. 28 U.S.C. § 1447(c).

**WHEREFORE**, Defendants respectfully request that this Court enter an automatic thirty (30) day stay of execution of the Court's Remand Order, pursuant to Fed. R. Civ. P. 62(a), to provide Defendants an opportunity to file a Notice of Appeal of the August 12, 2021 Order, which remands this action to the New York Supreme Court, Kings County.

Dated: Garden City, New York
August 19, 2021

Yours, etc.,

| | |
|---|---|
| **AARONSON, RAPPAPORT, FEINSTEIN & DEUTSCH, LLP** | **VIGORITO, BARKER, PATTERSON, NICHOLS & PORTER, LLP** |
| By: Larry D. Bloomstein<br>Larry D. Bloomstein (LB 0603)<br>(Ldbloomstein@arfdlaw.com)<br>Peter J. Fazio (PF 1211)<br>Barbara A. Ryan (BR 7279)<br>600 Third Avenue<br>New York, New York 10016<br>212-593-6700<br>*Attorneys for Defendants*<br>THE MOUNT SINAI HOSPITAL, s/h/a MOUNT SINAI HOSPITAL, JILL BERKIN, M.D., KEVIN TROY, M.D., HEATHER HUME, M.D. and MIRA JOHN, M.D. | Megan A. Lawless<br>Megan A. Lawless, Esq. (ML 3227)<br>Dylan Braverman, Esq. (DB 5501)<br>Charles Faillace, Esq. (CF 4001)<br>300 Garden City Plaza, Suite 308<br>Garden City, New York 11530<br>(516) 282-3355<br>m.lawless@vbpnplaw.com<br>*Attorneys for Defendants*<br>MARY TOUSSAINT-MILORD, M.D., KANIZ B. BANU, M.D., MAHREEN AKRAM, M.D., JAMIE CELESTIN-EDWARDS, CNM, and BROOKDALE HOSPITAL MEDICAL CENTER |