UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
:
JEFFRY LEROY, as Co-Guardian of SILVIA LEROY, : No. 20-CV-5325 (ARR)
Incapacitated Person, SHIRLEY LICIN, as Co-Guardian : (CLP)
of SILVIA LEROY, Incapacitated Person, and JEFFRY :
LEROY, Individually, : NOT FOR ELECTRONIC
: OR PRINT PUBLICATION
:
*Plaintiffs*, :
:
-against- : **OPINION & ORDER**
:
HEATHER HUME, M.D., MINDY BRITTNER, M.D., :
MIRA JOHN, M.D., MOUNT SINAI HOSPITAL, MARY :
TOUSSAINT-MILORD, M.D., KANIZ B. BANU, M.D., :
MAHREEN AKRAM, M.D., JAMIE CELESTIN- :
EDWARDS, CNM, BROOKDALE HOSPITAL MEDICAL :
CENTER, JILL BERKIN, M.D., and KEVIN TROY, M.D. :
:
*Defendants*. :
:
-----------------------------------------------------------------------X

ROSS, United States District Judge:

Silvia Leroy suffered a severe case of COVID-19 in the spring of 2020 that left her with debilitating brain damage and quadriplegia. Plaintiffs Jeffry Leroy and Shirley Licin, Mrs. Leroy's guardians, brought suit in state court against the medical personnel who treated her and their affiliated hospitals, alleging medical malpractice and other claims. Defendants removed the case to this court based on, *inter alia*, federal officer jurisdiction under 28 U.S.C. § 1442. On August 12, 2021, I granted plaintiffs' motion for remand to Kings County Supreme Court. Defendants now move for a permanent stay of my August 12th Remand Order, pending resolution of their appeal of the same to the United States Circuit Court for the Second Circuit. For the reasons discussed herein, defendants' motion is DENIED.

## BACKGROUND

The instant motion relates to plaintiffs' suit against defendants for the medical treatment that Mrs. Leroy received as a patient of Brookdale Hospital Medical Center ("Brookdale") and Mount Sinai Hospital ("Mount Sinai") in the spring of 2020. Compl. ¶ 39, ECF No. 27-4. While Mrs. Leroy was a patient at Brookdale, she was not tested for COVID-19 despite one of her doctors, defendant Mary Toussaint-Milord, M.D., requesting that she be so tested. *Id.* ¶ 36. While she was a patient at Mount Sinai, she suffered from, *inter alia*, pulmonary embolism, cardiac arrest, and clotting. *Id.* ¶ 39. Mrs. Leroy's illness resulted in serious permanent injuries, including brain damage and quadriplegia. *Id.*

On October 7, 2020, plaintiffs sued defendants in state court for "reckless misconduct and wanton, willful, reckless and/or grossly negligent medical malpractice." *Id.* at p. 4. Defendants removed the case to federal court on November 3, 2020. Notice of Removal 1, ECF No. 1. On January 8, 2021, Plaintiffs moved to remand the case back to state court. Mot. Remand, ECF No. 27. I granted the motion on August 12, 2021. Remand Order, ECF No. 38. Subsequently, defendants requested an automatic 30-day stay of enforcement of my Remand Order ("August 12th Order" or "Remand Order"), Mot. 30-Day Stay, ECF No. 39, which I granted on August 25, 2021. Defendants thereafter filed notices of appeal of my Remand Order to the Second Circuit. Mount Sinai Notice of Appeal, ECF No. 44; Brookdale Notice of Appeal, ECF No. 43.

The 30-day stay of enforcement of my August 12th Order expires September 24, 2021. On September 10, 2021, pursuant to F.R.A.P. § 8(a)(1), defendants filed the instant motion to stay my Remand Order pending resolution of their appeal.[1] Defs.' Mot. Stay Order ("Defs.' Mot."), ECF

---

[1] My August 12th Order discussed the Secretary of Health and Human Services' ("HHS") Declaration Under the Public Readiness and Emergency Preparedness Act for Medical Countermeasures Against COVID-19, 85 Fed. Reg. 15,198 ("Declaration"), which, at the time of

No. 45.

## DISCUSSION

### I. Legal Standard.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). However, a "stay is not a matter of right, even if irreparable injury might otherwise result." *Virginian Ry. Co. v. United States*, 272 U.S. 658, 672 (1926). Instead, it is a discretionary determination dependent on the specifics of the matter before the court. *Nken v. Holder*, 556 U.S. 418, 433–34 (2009). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion," and the court is to apply the traditional four-factor standard to determine the stay's propriety: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id.* (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)); *see also Uniformed Fire Officers Ass'n v. de Blasio*, 973 F.3d 41, 48 (2d Cir. 2020).

While the first two factors are the most important, "[t]he degree to which a factor must be present varies with the strength of the others; 'more of one [factor] excuses less of the other.'" *U.S. S.E.C. v. Daspin*, 557 F. App'x 46, 48 (2d Cir. 2014) (quotations omitted) (alterations in original). In turn, "[t]he probability of success [on the merits] that must be demonstrated is inversely

---

parties' briefing, had been amended seven times. The Declaration has since been amended twice more to "expand the authority for certain Qualified Persons authorized to prescribe, dispense, and administer covered countermeasures…." Eighth Amended Declaration, 86 Fed. Reg. 41,977 (Aug. 4, 2021); *see also* Ninth Amended Declaration, 86 Fed. Reg. 51,160 (Sept. 14, 2021). The arguments in defendants' present motion are not based on the Eighth or Ninth Declaration, nor do the amended Declarations impact my previous analysis.

proportional to the amount of irreparable injury plaintiff[] will suffer absent the stay. Simply stated, more of one excuses less of the other." *Paulsen v. All Am. Sch. Bus Corp.*, No. 13-CV-3762 (KAM), 2013 WL 5744483, at *2 (E.D.N.Y. Oct. 23, 2013) (quoting *Mohammed v. Reno*, 309 F.3d 95, 101 (2d Cir. 2002)).

## II.     A Stay is Not Warranted Under the Traditional Four-Factor Test.

Defendants seek appellate review of my order remanding their case to state court under 28 U.S.C. § 1447(d), which, as relevant here, allows a party to appeal a remand order when the case was originally removed based on federal officer jurisdiction. *See* 28 U.S.C. § 1447(d); *id.* § 1442. In support of their request for a permanent stay pending appeal, defendants appear to make three arguments. First, they argue that a stay is necessary to preserve their right to seek appellate review of my Remand Order denying federal officer jurisdiction. Defs.' Mot. 5. Defendants contend that absent a permanent stay, their appellate right under 28 U.S.C. § 1447(d) will be rendered "largely meaningless" because while their appeal is pending, they will be forced to do the very thing that federal officer jurisdiction protects against: litigate in state court.[2] *Id.* at 9. Second, defendants suggest that there is a risk of conflicting federal and state decisions absent a stay. Because my entire remand order will be reviewable on appeal,[3] defendants assert that the Second Circuit is

---

[2] In support of their argument, defendants suggest that in 28 U.S.C. § 1447(d), Congress intended to allow for *complete* appellate review of a remand order "before the remand order is effectuated." Defs.' Mot. 8 (citing *BP P.L.C. v. Mayor & City Council of Baltimore*, 141 S. Ct. 1532, 1536 (2021)) (emphasis added). As evidence of this intent, defendants point to the Supreme Court's recent decision in *BP P.L.C. v. Mayor & City Council of Baltimore*, where, in describing the history of 28 U.S.C. § 1447(d), the Court submitted that "Congress [] deemed it appropriate to allow appellate review before a district court may remand a case [removed pursuant to 28 U.S.C. § 1442] to state court," *id.* at 1536 (emphasis added). However, 28 U.S.C. § 1447(d) is silent as to the timing of effectuating a remand order. Absent express statutory language, I decline to read into the Court's dicta on congressional intent.

[3] The Supreme Court recently clarified that 28 U.S.C. §1447(d) authorizes appellate courts to review district courts' remand orders in their entirety—not merely the aspects related to federal

4

likely to address "the scope of the [Public Readiness and Emergency Preparedness Act's (the "PREP Act")] immunity and preemption of state law claims." *Id.* at 6. According to defendants, this could lead to confusion if the state and federal courts rule differently on the PREP Act's ambit. *Id.* Finally, and related to their first two arguments, defendants argue that the issuance of a stay is necessary to avoid "unnecessary and duplicative simultaneous litigation." *Id*. at 13. I evaluate defendants' claims under the four-factor standard affirmed in *Nken v. Holder*, 556 U.S. 418.

**A. Defendants are not likely to succeed on the merits.**

When seeking a stay pending appeal, a movant "need not always show a 'probability of success' on the merits; instead, the movant need only present a substantial case on the merits when a serious legal question is involved and show that the balance of equities weighs heavily in favor of granting the stay." *LaRouche v. Kezer*, 20 F.3d 68, 72 (2d Cir. 1994) (quoting *Laurenzo v. Miss. High Sch. Activities Ass'n*, 708 F.2d 1038, 1042 (5th Cir.1983) (per curiam)). Defendants argue there is a "substantial case on the merits" involving "serious legal questions" on two grounds: 1) in cases like the instant one, "some" courts have found removal proper, and 2) no appellate court has yet assessed the propriety of federal officer jurisdiction for healthcare workers responding to the COVID-19 pandemic. Defs.' Mot. 12.

In support of their first claim, defendants cite two district court cases wherein removal was held proper on the grounds that the PREP Act provides complete preemption. *See id.* (citing *Garcia v. Welltower OpCo Grp. LLC*, No. 20-CV-2250 (JVS), 2021 WL 492581, at *7 (C.D. Cal. Feb.

---

officer jurisdiction. *BP P.L.C. v. Mayor and City Council of Baltimore*, 141 S. Ct. 1532, 1538 (2021). Accordingly, the Second Circuit's review of my August 12th Order will examine each of the three grounds for removal initially asserted by defendants—federal preemption under the Public Readiness and Emergency Preparedness Act (the "PREP Act"), federal officer jurisdiction (raised only by Brookdale defendants), and federal question jurisdiction. *See* Mount Sinai Opp'n Remand 22–34, ECF No. 30; Brookdale Opp'n Remand 22–29, ECF No. 28.

10, 2021) and *Rachal v. Natchitoches Nursing & Rehab. Ctr. LLC,* No. 12-CV-334 (DCJ), 2021 U.S. Dist. LEXIS 105847, *3 n.3 (W.D. La. Apr. 30, 2021)).[4] However, in my August 12th Order, I declined to follow those two decisions for reasons I need not rearticulate here. Over the past eighteen months, several dozen district courts have addressed the argument of complete preemption put forth by defendants, and the overwhelming consensus among them is that claims like plaintiffs' are not completely preempted by the PREP Act. *See, e.g.*, *Garcia v. N.Y.C. Health and Hosps. Corp.*, No. 20-CV-9970 (CM), 2021 WL 1317178, at *1 (S.D.N.Y. Apr. 8, 2021); *Padilla v. Brookfield Healthcare Ctr.*, No. 21-CV-2062 (DMG), 2021 WL 1549689, at *4–5 (C.D. Cal. Apr. 19, 2021) (collecting cases and noting that "[n]early every other federal court addressing the issue of complete preemption has found that the PREP Act is not a statute with complete preemptive effect"); *Bolton v. Gallatin Ctr. for Rehab. & Healing, LLC*, No. 20-CV-683 (WDC), 2021 WL 1561306, at *5–8 (M.D. Tenn. Apr. 21, 2021); *Shapnik v. Hebrew Home for the Aged at Riverdale*, No. 20-CV-6774 (LJL), 2021 WL 1614818, at *10–16 (S.D.N.Y. Apr. 26, 2021); *Elliot v. Care Inn of Edna LLC*, No. 20-CV-3185 (KGS), 2021 WL 2688600, at *4 n.1 (N.D. Tex. June 30, 2021) (collecting cases). This consensus remains unchanged.[5] *See, e.g.*, *Dorsett v.*

---

[4] Defendants additionally cite a Fifth Circuit order denying interlocutory appeal of a district court decision finding federal officer jurisdiction in the COVID-19 context. *See Fields v. Brown*, No. 20-CV-475, 2021 WL 510620 (E.D. Tex. Feb. 11, 2021), *petition for interlocutory appeal denied*, No. 21-CV-90021 (5th Cir. June 21, 2021) (per curiam). In *Fields*, the plaintiff-employees sued the defendant-employers for requiring plaintiffs to continue going into work notwithstanding a statewide stay-at-home order. *Id.* at *1. Defendants in the present case suggest that the Fifth Circuit's denial of the petition for interlocutory appeal implies that "[the Court] saw no obvious error in [the district court's] holding." Defs.' Mot. 12. However, the Fifth Circuit provided no reason for its denial, and defendants interpretation is therefore conjectural. *See Fields*, No. 21-CV-90021 (5th Cir. June 21, 2021) (per curiam) (stating in full, "It is ordered that the motion for leave to appeal from the interlocutory order [of the district court] is denied.").

[5] In addition to arguing that some district courts have found removal proper in analogous cases, defendants suggest that there is a "substantial case on the merits" involving "serious legal questions" because the Secretary of Health and Human Services' favored removal in his Fourth

*Highlands Lake Ctr., LLC*, No. 21-CV-910 (KKM), 2021 WL 3879231, at *5–11 (M.D. Fla. Aug. 31, 2021); *Est. of Melvia Jones v. Beverly W. Healthcare, LLC*, No. 21-cv-5417 (AB), 2021 WL 4197133, at *4 (C.D. Cal. Sept. 14, 2021).

Defendants' argument that there is a "substantial case on the merits" because "there has been no appellate treatment of the issue of federal officer jurisdiction for health care personnel participating in this nation's COVID-19 response," Defs.' Mot. 12, is likewise unavailing. That the issue of federal officer jurisdiction in the context of COVID-19 is one of first impression on appeal does not render defendants' federal officer claim more colorable. The Supreme Court has clearly stated that "simply complying with [federal] law," as defendants have shown, is not enough to constitute "acting under" a federal officer. *Watson v. Phillip Morris Cos.*, 551 U.S. 142, 152 (2007) (emphasis omitted). Even a "highly regulated" defendant must show more than "federal regulation alone." *Id.* at 153. Instead, a defendant must show that a "special relationship" of "delegation" exists between the federal entity and themselves. *Id.* at 157. Thus, courts in this circuit have held that health care personnel responding to the COVID-19 crisis are not "acting under" a federal officer. *See Dupervil v. All. Health Operations, LCC*, 516 F. Supp. 3d 238, 260–61 (E.D.N.Y. 2021) (finding that defendants, a nursing home and certain of its employees, failed to show that they were anything more than "highly regulated" private persons complying with federal laws pertaining to COVID-19, and that therefore the federal officer removal statute did not apply); *see also Garcia*, 2021 WL 1317178, at *2 (collecting cases finding "that hospitals that are following federal guidelines during the current pandemic emergency are not 'acting under' federal

---

Amended Declaration and his January 8, 2021 Advisory Opinion 21-01. *See* Defs.' Mot. 12. However, neither the Fourth Amended Declaration nor Advisory Opinion 21-01 is entitled to *Chevron* deference, and I already rejected identical arguments in my August 12th Order. *See* Remand Order 10.

officers for the purpose of federal officer jurisdiction"). Considering the consensus among district courts on this matter, it is immaterial that appellate courts have not yet reviewed federal officer jurisdiction in the context of the COVID-19 health care response.

It is clear defendants have merely repurposed the same arguments made in their Opposition to Plaintiffs' Motion for Remand to suggest there is a "substantial case on the merits" involving "serious legal questions." But even under this first prong's lower standard for success on the merits, defendants cannot prevail because there is near unanimity among district courts nationwide—and unequivocal agreement among district courts in the Second Circuit—that there is no federal subject matter jurisdiction, based on either complete preemption under the PREP Act or federal officer jurisdiction, in cases like the instant one. I therefore find that, contrary to defendants' contention, this factor weighs against the issuance of a stay pending appeal.

### B. Defendants do not face irreparable injury.

A harm is irreparable "where, but for the grant of equitable relief, there is a substantial chance that upon final resolution of the action the parties cannot be returned to the positions they previously occupied." *Brenntag Int'l Chems., Inc. v. Bank of India*, 175 F.3d 245, 249 (2d Cir. 1999) (discussing factor in relation to preliminary injunctive relief). Turning to each of defendants' arguments for a stay pending appeal—to give effect to their statutory right to appeal; to avoid confusion from conflicting decisions; and, relatedly, to avoid "unnecessary and duplicative" litigation, Defs.' Mot. 13—I find that the balance of factors weighs against issuing such relief.[6]

---

[6] "The sole exception" to immunity from liability under the PREP Act is a claim of "death or serious physical injury proximately caused by willful misconduct." 42 U.S.C. § 247d-6d(d)(1). The United States District Court for the District of Columbia retains exclusive federal jurisdiction over such claims, which can be brought only after the plaintiff has exhausted administrative remedies. *Id*. §§ 247d-6d(e)(1), 247d-6e(d)(1). Additionally, an order denying a motion to dismiss or a motion for summary judgment, based on a willful misconduct claim, is immediately appealable to the United States Court of Appeals for the District of Columbia Circuit. *Id*. § 247d-

8

*1. Confusion from conflicting state and federal court decisions*

Defendants aver that once in state court, they will move for dismissal based on, *inter alia*, PREP Act immunity. *Id.* at 6. As on appeal the Second Circuit's review of the PREP Act may "involve a determination as to the scope of the PREP Act in the first place," defendants assert there is a risk of conflicting decisions between the federal and state courts. *Id*. For example, defendants point to a possible scenario in which the state court dismisses their claims based on PREP Act immunity while the Second Circuit "holds simultaneously" that there is federal subject matter jurisdiction after assessing the extent of immunity and preemption under the PREP Act.[7] *Id*. However, defendants' argument rests on several tenuous assumptions: that the Second Circuit will not review defendants' appeal before the state court adjudicates defendants' prospective motion to dismiss, that the Second Circuit will find federal subject matter jurisdiction, and finally, that the

---

6d(e)(10). In the introduction of their Motion to Stay, defendants briefly suggest that if the state court adjudicates the merits of plaintiffs' claims before the Second Circuit has weighed in on the scope of PREP Act immunity, defendants will lose the benefits of this limited exclusive federal jurisdiction. Defs.' Mot. 5–6. This argument is not subsequently raised in defendants' legal analysis but appears once more in their Reply, again without any substantive explanation. *See* Defs. Reply Pls.' Opp'n 2, ECF No. 47 ("[I]f the appeal is successful, all of the proceedings in State Court will have been in vein [*sic*] due to a lack of subject matter jurisdiction."). Defendants' argument is both difficult to follow as it relates to the plaintiffs' claims and inadequately developed. Moreover, as explained in my Remand Order, although plaintiffs' complaint nominally asserts a cause of action "for reckless misconduct, wanton, willful, reckless, *and/or* grossly negligent medical malpractice," Compl. 3 (emphasis added), plaintiffs do not appear to assert any claims for "willful misconduct," as defined by the PREP Act, in the substance of their complaint, *see* 42 U.S.C. §§ 247d-6d(c), 247d-6d(d)-(e). I therefore decline to evaluate the merits of defendants' contention.

[7] Defendants additionally argue that as the PREP Act provides immunity from suit and liability, its benefits will be lost if they "are forced to litigate in state court while the appeal is pending." Defs.' Mot. 10. It is unclear what defendants intend by this argument. The defense of immunity under the PREP Act may be made in state court, and defendants themselves state their intent to raise it on a motion to dismiss plaintiffs' claims. *Id.* 6. I can only understand defendants' argument, therefore, as a judgment impugning the state court's ability to evaluate PREP Act immunity. I reject this position.

state court and Second Circuit will disagree on the scope of immunity under the PREP Act. These assumptions are speculative at best. However, to be irreparable, "harm must be truly imminent, and not mere possible injury, or remote and speculative injury." *Daspin*, 557 F. App'x at 48 (citation omitted). Defendants' argument that a stay is appropriate to avoid the risk of conflicting decisions is therefore unavailing.

*2. Preserving the purpose of the right to appeal under 28 U.S.C. § 1447(d)*

Defendants contend that absent the issuance of a stay, their right to appeal will be rendered "nugatory," *Vision Bank v. Bama Bayou*, LLC, No. 11-cv-568 (KD), 2012 WL 1592985, at *2 (S.D. Ala. May 7, 2012), because they will be forced to litigate in state court, which federal officer jurisdiction—the basis of their appeal—protects against, Defs.' Mot. 9 (citing *Northrop Grumman Tech. Servs., Inc. v. DynCorp Int'l LLC*, No. 16-cv-534 (JCC/IDD), 2016 WL 3346349, at *3 (E.D. Va. June 16, 2016) (collecting cases finding that a stay is appropriate where necessary to preserve the purpose of a party's statutory right to appeal)).

I find that although this claim gestures toward irreparable injury, it does not amount to one in the present case. Defendants right to appeal is rendered "nugatory" only if the state court reaches the merits of plaintiffs' claims before the Second Circuit, on appeal, holds that I improperly remanded plaintiffs' case. However, the likelihood of this outcome is, once again, not "truly imminent," but rather a "remote and speculative" injury. *Daspin*, 557 F. App'x at 48. Defendants have already filed a notice of Appeal in the Second Circuit. *See* Mount Sinai Notice of Appeal; Brookdale Notice of Appeal. Upon remand, pre-trial proceedings will first commence in state court. Because the parties will first have to brief pretrial motions before proceeding to discovery, it is highly unlikely that Kings County Supreme Court will reach the merits of defendants' case before the Second Circuit considers defendants' appeal. And, as plaintiffs correctly submit, "any

discovery obtained in state court [will] be relevant and applicable if the case [is] later removed to federal court." Pls.' Opp'n Mot. Stay 13 ("Pls.' Opp'n"), ECF No. 46 (quoting *Manier v. Medtech Prods., Inc.*, 29 F. Supp. 3d 1284, 1288 (S.D. Cal. 2014)). Therefore, contrary to defendants' assertion, defendants will not be irreparably injured by the start of state court proceedings while their appeal awaits resolution.

*3. Duplicative and unnecessary litigation*

While duplicative litigation can warrant a stay in certain circumstances, *see, e.g.*, *Jock v. Sterling Jewelers, Inc.*, 738 F. Supp. 2d 445, 448 (S.D.N.Y. 2010), "[m]ere litigation expense, even substantial and unrecoupable cost, does not constitute irreparable injury," *Renegotiation Bd. v. Bannercraft Clothing Co., Inc.*, 415 U.S. 1, 24 (1974). As just explained, *see supra*, Discussion II.B.2, when the present case returns to state court, pretrial proceedings will begin. Any subsequent discovery obtained in state court will be relevant to the case's adjudication even if the case is subsequently removed to federal court. As such, I do not find litigation of parties' claims in state court to amount to irreparable injury to defendants.

**C. Harm to plaintiffs is substantial.**

Contrary to defendants' contention, plaintiffs stand to suffer substantially if state court proceedings are stayed. Mrs. Leroy has debilitating brain damage and quadriplegia, Compl. ¶ 39, and requires constant care, Pls.' Opp'n 9. This is not an instance where plaintiffs can be returned "to the positions they previously occupied" if ultimately awarded money damages. *See Brenntag Int'l Chems., Inc.*, 175 F.3d at 249 ("[B]ecause monetary injury can be estimated and compensated, the likelihood of such injury usually does not constitute irreparable harm."). Here, any delay in receiving money damages compounds Mrs. Leroy's harm because plaintiffs, Mrs. Leroy's guardians, need financial help to ensure Mrs. Leroy can access the care she requires *now*. Pls.'

11

Opp'n 9 (submitting that plaintiffs "need financial help and they simply cannot wait any longer to proceed with [their] case").

While I will not speculate whether Mrs. Leroy's guardians will ultimately be successful on their claims, I find that the risk of postponed compensation is significant enough to weigh against the issuance of a stay.

### D. Public interest would not be furthered by a stay.

Defendants submit that a stay pending appeal would further public interest by "facilitat[ing] adequate appellate review of potentially dispositive questions of law that would have bearing on COVID-19 litigation across the country." Defs.' Mot. 14–15. But, as discussed above, *see supra* Discussion II.A, district courts nationwide have ruled nearly unanimously on the very questions of law raised by defendants. That is because the body of law governing defendants' arguments for removal is clear: defendants lack subject matter jurisdiction.

Here, public interest favors prompt resolution of plaintiffs' claims. The Second Circuit has recognized that "there is a public interest in having [plaintiffs] who might be entitled to recovery receive compensation while still living and able to use it to cover medical costs and improve the quality of their lives." *In re World Trade Ctr. Disaster Site Litig.*, 503 F.3d 167, 170–71 (2d Cir. 2007) (finding that harm to defendants, who might be entitled to immunity from suit, was outweighed by hastening plaintiffs' trial). Mrs. Leroy "has suffered a life-threatening injury." Pls.' Opp'n 12. Although it remains to be seen whether plaintiffs will succeed on their claims, I find that public interest favors moving plaintiffs' case forward so that if plaintiffs do prevail, Mrs. Leroy is not "denied compensation while she is alive and when she needs it the most." *Id.*

As each prong in the four-factor test weighs against defendants, I find that the issuance of a stay pending resolution of defendants' appeal is improper.

**III.    A Stay Pending Resolution of Defendants' Appeal is Not Otherwise Warranted.**

A review of decisions on like motions in other circuits does not shift the balance of factors in defendants' favor. It is true that at least two district courts, cited by defendants in support of their motion, have stayed the remands of similar actions pending resolution of the defendants' appeals. *See Riggs v. Country Manor La Mesa Healthcare Ctr.*, No. 21-CV-331 (CAB), 2021 WL 2103017, at *4 (S.D. Cal. May 25, 2021); *Est. of Maglioli v. Andover Subacute Rehab. Ctr. I*, No. 21-CV-2114 (KM), 2021 WL 2525714, at *7 (D.N.J. June 18, 2021) (finding public interest warrants a stay because the issue before the court is of national importance, similar actions have been filed nationwide, and there is a risk of conflicting decisions).[8] However, I find these authorities unpersuasive. The *Riggs* court did not apply the traditional four-factor test in reaching the conclusion to stay enforcement of their remand order. Instead, the stay was granted in the court's discretion, without significant analysis. *See Riggs*, 2021 WL 2103017, at *4 (granting plaintiff's motion to remand but providing a stay pending resolution of the defendant's appeal, if noticed within 14 days).[9]

While the district court in *Estate of Maglioli* applied *Nken*'s four-factor standard, at the time of the court's decision the case was in a unique posture and distinct from the matter before me. The defendants in that case, which concerned related actions brought against nursing care facilities for their COVID-19-related care, twice removed their cases to federal court. Following the defendants' first removal, the plaintiffs moved to remand to state court, which the court

---

[8] Defendants also cite *Burris v. Fairmount Long Term Care*, in which the parties had not appealed to the Third Circuit, but the court stayed proceedings pending resolution of the circuit's decision in *Estate of Maglioli v. Andover Subacute Rehabilitation Center I*, 2021 WL 2525714. No. 21-CV-80 (E.D. Pa. March 9, 2021).

[9] The court in *Burris* similarly did not apply the four-factor standard. 21-CV-80 at 7–8.

granted. The defendants subsequently appealed the court's remand order. This appeal was pending in the Third Circuit when the United States Department of Health and Human Services ("HHS") issued its Advisory Opinion 21-01. The defendants thereafter removed the cases once more, arguing that HHS's opinion was controlling authority that conferred federal jurisdiction. *Est. of Maglioli*, 2021 WL 2525714, at *3. The plaintiffs again filed motions to remand their actions, after which defendants filed a motion to stay the case pending resolution of the appeal. Accordingly, unlike the present case, where defendants are asking that I stay proceedings in state court, the defendants in *Estate of Maglioli* asked the district court to pause its *own* proceedings pending review of its initial remand order by the Third Circuit. In finding that a stay was warranted, the court noted that "[t]he exercise of such power [to stay] is particularly appropriate where the outcome of another case may substantially affect or be dispositive of the issues in a case pending before a *district court*." *Id.* at *5 (citation omitted) (emphasis added).

Additionally, in reaching its decision to stay the plaintiffs' pending remand motions, the *Estate of Maglioli* court relied in part on HHS's then-newly issued Advisory Opinion 21-01, which "while not controlling," addressed issues relevant to the defendants' federal subject matter jurisdiction arguments. *Id.* at *6. However, in my August 12th Order, I found that Advisory Opinion 21-01, which is not entitled to *Chevron* deference, was not persuasive, and thus did not weigh against granting plaintiffs' motion to remand. *See* Remand Order 8–10.

Finally, other courts have declined to issue stays pending appeals when granting motions for remand in analogous cases. *See Smith v. Colonial Care Ctr., Inc.*, No. 21-CV-494 (RGK), 2021 WL 1087284, at *9 (C.D. Cal. Mar. 19, 2021); *Thomas v. Century Villa Inc.*, No. 21-CV-3013 (MCS), 2021 WL 2400970, at *7 (C.D. Cal. June 10, 2021).

## CONCLUSION

Thus, given that the none of defendants' arguments for a stay pending resolution of their appeal prevails, I deny their motion. The Clerk of Court is directed to inform Kings County Supreme Court of my decision at close of business on September 27, 2021.

SO ORDERED.

                                                      /s/
                                          Allyne R. Ross
                                          United States District Judge

Dated:        September 24, 2021
                 Brooklyn, New York